[No. 4566.]

## B. R. DREW *v.* THE CENTRAL PACIFIC RAILROAD COMPANY.

PASSENGER ON RAILROAD.—If a passenger who has purchased a ticket from a railroad company which is silent on the subject of his stopping over, stops over before he reaches the point to which the ticket entitled him to ride, he cannot resume his journey on the ticket.

IDEM.—If a passenger on a railroad leaves the train before he has arrived at the point to which his ticket entitled him to ride, he voluntarily terminates his contract with the company to carry him to such point.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 6th day of September, 1872, the plaintiff Drew purchased at Omaha, from the agent of the Union Pacific Railroad Company, a second-class ticket to San Francisco, for the sum of $80, being $20 less than the regular rate. In consideration of this reduced rate, plaintiff accepted a ticket which is in form and words as follows:

He then, the same day, proceeded on a regular train of the Union Pacific Railroad towards Ogden. Shortly after leaving Omaha the conductor came along, took up the ticket, as was the usual custom, and gave plaintiff, in lieu of it, another ticket or check, in form and words as follows:

Union and Central Pacific Railroad Line,

*Thos. L. Kimball,*

**2096**     Gen'l Ticket Agent U.P.R.R.

THIS TICKET
*Entitles the Holder to*
One **SECOND CLASS** Passage
FROM
OMAHA
To Station Canceled,
If presented within SIX DAYS from date indicated in the margin, after which time it will be void.

| |
| --- |
| CORINNE. |
| KELTON. |
| ELKO. |
| PALISADE. |
| BATTLE MOUNTAIN. |
| RENO. |
| COLFAX. |
| MARYSVILLE. |
| SACRAMENTO. |
| STOCKTON. |
| SAN FRANCISCO. |

NO STOP OVER CHECK GIVEN ON THIS TICKET

| U.P.R.R. Conduc'ors. | | | | | C.P.R.R. Conductors | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 60 | 100 | 118 | 164 | 206 | 1 | 2 | 3 | 4 | 5 |

The date indicated and punched in the margin was the 6th day of September, 1872.

When the plaintiff reached Ogden, the conductor of the train to Sacramento told him, in response to a question, that he could go to Salt Lake and stay a week, but that he had better be back inside of a week. Thereupon he went to Salt Lake and was back at Ogden in two days. He then proceeded on the Central Pacific Railroad to Sacramento, remained over there one night, and the following day, September 13, 1872, took passage on the train going to San Francisco. Before reaching Brighton station, the conductor came around, looked at his ticket, told plaintiff it had expired, and demanded the usual fare to San Francisco. Plaintiff refused to pay, and when Brighton was reached, the conductor again demanded the fare, and upon the further refusal to pay it, told plaintiff he must leave the train. Plaintiff refusing to pay or leave, the conductor picked up his traveling bag, carried it to and left it on the station platform, the plaintiff following, and the train went on, leaving plaintiff. Brighton is five miles distant from Sacramento.

This was an action to recover damages for being removed from the train. The plaintiff had judgment, and the defendant appealed from the judgment and from an order denying a new trial.

*Crane & Boyd* and *S. W. Sanderson,* for the Appellant.

*Craig & Meredith,* for the Respondent.

By the COURT:

The plaintiff had no right to " stop over " at Sacramento after the defendant had commenced the performance of the contract. He had no such right under the terms of the ticket which he purchased at Omaha in the first instance, and which, on its face, contained nothing on the subject. (*Dietrich* v. *Penn. R. R. Co.*, 71 Penn. St. 482, and cases there cited; *McClure* v. *P. W. & B. R. R. Co.*, 34 Md. 532; *Churchill* v. *C. & A. R. R. Co.*, 3 Am. R. W. R. 433.) The conductor's check, which the plaintiff received in lieu of his ticket after leaving Omaha, contained these words:

"No stop-over check given on this ticket;" and in this respect it declared the rights of the plaintiff to be the same which would have been implied under the rule and authorities just referred to.

The plaintiff himself terminated the contract when he voluntarily left the train at Sacramento, which place was not the end of his journey. In this view, and assuming that prior to his arrival at Sacramento the plaintiff had not broken his contract, the leave said to have been given him at Ogden by a conductor to visit Salt Lake and return within a week cannot be of any legal consequence.

Judgment and order reversed and cause remanded for a new trial.