66   191<br>145   450

[No. 8,200.   Department Two.—December 8, 1884.]

## RUFUS W. LUNDY, APPELLANT, *v.* CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

RAILROAD TICKETS—LIMITATION AS TO TIME.—Where a railroad ticket is conditioned that it will not be good for passage after a certain number of days from the date of sale, the passenger may commence his journey at any date within the stipulated time.   Such a condition does not require him to complete the passage within the time mentioned.

ID.—LIABILITY OF CONNECTING ROADS—AGENCY.—Where a ticket is issued by a railroad company for passage over its own line and a connecting road, under a verbal agreement between the respective passenger and ticket agents that tickets issued by one shall be accepted by the other, and afterwards pro-rated, an action may be maintained against the connecting road for an illegal expulsion of the passenger by its officers.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover damages against the defendant for expelling plaintiff from its cars while traveling as a passenger.   The ticket issued to plaintiff, and upon which he was traveling at the time he was expelled, read as follows :

"Issued by Union Pacific Railroad.   One emigrant passage to San Francisco.

"Subject to the following contract :

"In consideration of this ticket being sold by the Union Pacific Railroad Company at less than regular first-class fare, it is understood and agreed by the purchaser that it will not be good for passage after nine (9) days from date of sale, March 12th, 1874, officially stamped on the back, with the same date in writing on the face.   No stop-over check will be issued on this ticket, and the coupons belonging thereto will not be received for passage if detached from the contract.

" I hereby agree to the conditions of the above contract.

" Form N. E. 99.    Baggage checked to destination only.

"THOS. L. KIMBALL,

" 555.                                          *General Ticket Agent.*

[Endorsed.]    " City Office, U. P. R. R., 12 Mar., 1874, Omaha.

"U. P. R. R. 2 ;  General Ticket Office."

The plaintiff boarded the train on March 21.    The Union Pacific Railroad accepted the ticket and transported him to Ogden, where its line connects with the line of the defendant's road. The train arrived at Ogden on March 24th, 1874, and the plaintiff on that day went with the other passengers on board the connecting train of the defendant, and started for San Francisco.

After the train left Ogden, the defendant's conductor came around for tickets, and when the plaintiff presented his ticket, he was informed that the " time had expired," and upon the refusal of the plaintiff to pay his fare from Ogden to San Francisco, he was expelled from the cars.    The defendant's railroad extends from Ogden to San Francisco.    On the trial it was admitted by counsel for the defendant, that between the two companies there has never been any *written* contract, but a *verbal agreement* between their respective general passenger and ticket agents, by which they make monthly exchanges, and tickets issued by the Union Pacific are honored by the Central Pacific, but under no express contract whatever.    At the end of the month the Central Pacific takes all the tickets from the Union Pacific, and the Union Pacific takes all the tickets from the Central Pacific, and during that *month of March this ticket was issued in that general way, and on the 1st of April, in that way, they pro-rated, as between these tickets issued in the month of March, and this was among that number;* but defendant denies the agency, or that the Union Pacific had any contract binding on the Central Pacific.    The remaining facts are stated in the opinion of the court.

*W. H. Fifield,* for Appellant.

*Wilson & Wilson,* for Respondent.

Thornton, J.—The court below, in granting the nonsuit in this case, misconceived the meaning of the contract for passage between the plaintiff and defendant.   In our view, it was only required of the plaintiff that he present himself at the cars of the Union Pacific Railroad Company, or of the defendant, and take passage at any time within nine days from the 12th day of March, 1874.   The plaintiff took passage on the 21st of the same month, and was illegally ejected from the cars of defendant by its servant on the morning of the 25th following.

The admission of defendant showed clearly that the contract for carrying the plaintiff from Omaha to San Francisco, though made by the Union Pacific Railroad Company, was made by authority of defendant.

We have no doubt that the action was properly brought against the defendant.

We see nothing in the evidence to uphold the ruling of the court below nonsuiting the plaintiff, and the judgment and order denying a new trial are therefore reversed, and the cause remanded, that a new trial may be had in accordance with the views herein expressed.

Sharpstein, J., and Myrick, J., concurred.