## GULF, COLORADO & SANTA FE RAILWAY COMPANY
## v. R. HENRY.

, No. 7475.

1.  **Limited Through Tickets.**—A holder of a through ticket limited on the route at expiration of the limit of his ticket should inform himself whether or not he could make the continuous passage contemplated by his ticket on any particular train.

2.  **Acts of Railway Conductors.**—That the holder of a through ticket for continuous passage entered upon a train which only covered a part of the journey, and was permitted by the conductor to remain, upon the ticket, does not entitle the ticket holder to have passage for the remaining distance upon the through train, the limit of the ticket having expired.

3.  **Right of Limited Ticket Holder.** — The holder of a ticket for continuous passage and limited, and the limit expiring, could not take a train that could not give him such passage, and leave such train at some intermediate point, and again enter and have passage on another train that could take him to his destination, even though the latter train may have been the one he should have taken.

4.  **Accident, etc.**—Cases may arise in which by accident, misfortune, fault of the carrier, or the misconduct of the employes of a carrier of passengers, continuous transit may be interrupted without fault on part of the passenger, and in such cases the passenger may be entitled to resume his journey, and to be transported as though no interruption had occurred.   ·

APPEAL from Runnels.    Tried below before Hon. J. W. TIMMINS.

This is an appeal from a judgment for $500 against the appellant for refusing to carry the plaintiff from Brownwood to Ballinger on a return ticket from Austin, limited to the 24th of May.    The refusal was on the 25th.    The facts are fully stated in the opinion.

*J. W. Terry*, for appellant.—1. Even in the absence of any stipulation on the ticket, it is good only for a continuous passage, and the passenger is not entitled to disembark from a train upon which he has

taken passage at an intermediate point and afterward resume it again upon another train, but he must inform himself as to what trains run through to his destination and take one of such trains; and hence it was certainly competent for the defendant to contract by stipulation on the ticket that it would only be good for continuous passage; and the plaintiff having traveled on the freight train as far as Brownwood, and disembarked there, and afterward attempting to resume his journey on a regular passenger train, his ticket was properly refused by the conductor. Thomp. on Pass. Carr., 69; Hutch. on Carr., sec. 575; Dietrich v. Railway, 71 Pa. St., 434; Stone v. Railway, 47 Iowa, 82; McClure v. Railway, 34 Md., 532; Johnson v. Railway, 46 N. H., 213; Petrie v. Railway, 42 N. J., 258; Wyman v. Railway (Minn.), 22 Am. and Eng. Ry. Cases, 402; Hatton v. Railway (Ohio), 13 Am. and Eng. Ry. Cases, 53, and cases cited in note 55; cases cited in note 1, Id., 262, and in note 6, Id., 337, and in note 16, Id., 386.

2. It is competent for a carrier, especially in case of an excursion ticket sold at reduced rates, to limit the time in which the ticket shall be used; and in this case it appears, both from the plaintiff's petition and the evidence, that the time limited for the use of his ticket had expired before he presented it for passage to the conductor of the train on leaving Brownwood, and hence the conductor rightfully refused to receive it for passage. Hutch. on Carr., sec. 575; Thomp. on Pass. Carr., 70; Am. and Eng. Ry. Cases, 338, and cases cited in note 6; Railway v. McDonald, 2 Ct. App. C. C., sec. 163; Pennington v. Railway, 62 Md., 95; 18 Am. and Eng. Ry. Cases, 310, and cases cited in note 312; Railway v. Dean, 43 Ark., 529; Howard v. Railway, 61 Miss., 313; Railway v. Hine, 41 Ohio St., 276.

3. We further contend, that the time in which the plaintiff could use his ticket had expired. Under the construction of the ticket most favorable to plaintiff, he was required to reach defendant's road before the expiration of the time limited for the use of the ticket in time to take a train which would carry him to his destination without change. In other words, reaching Brenham, as he did, ten minutes before the expiration of the time limited for the use of the ticket, if he had then boarded a train bound for Ballinger without change, according to such favorable construction he would have been in time. Auerbach v. Railway, 89 N. Y., 281. Plaintiff, however, did not reach the defendant's line until ten minutes before the expiration of the ticket, and then took a train by which he could not even make a continuous passage to Ballinger, but which would necessitate his stopping at Temple from 3.20 a. m. until 4.15 p. m. His ticket being invalid for passage upon its face, both on account of the expiration of the time in which it should have been used and the fact that the plaintiff had broken the condition requiring a continuous passage, he was properly expelled by the conductor, and under such circumstances it was not proper or competent

for the conductor to hear excuses from the plaintiff for his failure to use the ticket in the proper time and in the proper manner. Mosher v. Railway, 127 U. S., 390; Mosher v. Railway, 17 Fed. Rep., 880; Bradshaw v. Railway, 105 Mass., 407; Hall v. Railway, 9 Fed. Rep., 585; Railway v. Pierce (Mich.), 3 Am. and Eng. Ry. Cases, 340; Yorton v. Railway (Wis.), 6 Am. and Eng. Ry. Cases, 322; Townsend v. Railway, 56 N. Y., 295; Frederick v. Railway, 37 Mich., 342; Shelton v. Railway, 29 Ohio St., 214; Dawes v. Railway, 36 Conn., 287; Railway v. Griffin, 68 Ill., 499.

Nor was the action of any previous conductor in receiving the ticket for passage binding on the conductor who refused plaintiff's ticket. Dietrich v. Railway, 71 Pa. St., 434; Beebe v. Ayres, 28 Barb., 276; Johnson v. Railway, 46 N. H., 213; Stone v. Railway, 47 Iowa, 82; Kelly v. Railway, 67 Me., 173; Wakefield v. Railway, 117 Mass., 544; Sherman v. Railway, 40 Iowa, 45; Thorpe v. Railway, 17 Atl. Rep., 791; Hill v. Railway, 63 N. Y., 101.

*Powell & Smith*, for appellee.—1. A passenger is "a person whom a railway in the performance of its duty as a common carrier has contracted to carry from one place to another place for a valuable consideration, and whom the railway in the course of the performance of that contract has received at its station or under its care." Patt. Ry. Acc. Law., sec. 210, and cases cited.

2. The relation of carrier and passenger having been constituted, continues until the journey, expressly or impliedly contracted for, has been concluded and the passenger has left the railway's premises; thus, one who has been accepted as a passenger is entitled to protection as such while he is in the railway's station, journeying on its line, in transit from one means of conveyance to another provided by the railway, and while he is temporarily absent from the cars at a way station for a proper purpose. Patt. Ry. Acc. Law, sec. 220; Clussman v. Railway, 73 N. Y., 606; Railway v. Riley, 39 Ind., 568.

3. Appellee, on the morning of the 24th day of May, 1888, being the lawful holder and owner of a certain passenger ticket issued by the defendant railway company, at Ballinger, Texas, evidencing his right to ride and be conveyed upon the cars of defendant company and the cars of its said connecting railway from Austin, Texas, via Brenham, Texas, to Ballinger, Texas; and said ticket on said date being alive and in full force and effect, and appellee on said date having been duly identified as the lawful holder and owner of said ticket by the proper agent or officer of appellant as required by the stipulations of said ticket; and appellee on said date, by virtue of said ticket, having been accepted as a passenger upon the proper cars by the agents of appellant en route for the place of destination specified on said ticket, and

having prosecuted his journey as diligently, rapidly, and continuously as he was enabled to do by the means of conveyance furnished him, appellant under its contract was compelled to carry him to the end of his said journey, although the time limited in the ticket may have expired long before said journey had been completed; and if appellant in the operation of its trains failed to make proper connections, or failed to run on time, or operated and run its cars upon which passengers were permitted to be carried on short lines—that is, from one intermediate point to another intermediate point—and appellee, a passenger thereon, was retarded in the progress of his journey by reason of such misconnections, delays, or unusual short line runs, it will not be heard to say that appellee's journey was not continuous, and arbitrarily eject him from its cars upon the pretext that the time limited in said ticket meanwhile had expired; and the fact that the conductor may have acted in good faith in ejecting appellee from appellant's cars does not relieve appellant from its liability to appellee for the violation of its contract and the wrongful acts of its agents in the premises. Railway v. Smith, 1 S. W. Rep., 565; Railway v. Mackie, 71 Texas, 491; Patt. Ry. Acc. Law, secs. 210–220.

STAYTON, CHIEF JUSTICE.—Appellee purchased from appellant a round trip ticket from Ballinger to Austin and return, on May 13, 1888, limited until the expiration of May 24 following, on which he went to Austin by way of Brenham and the Houston & Texas Central Railway.

On the morning of May 24, 1888, after having his ticket properly stamped, appellee went by the railway on which he came to Brenham, at which place it was necessary for him to take a train on appellant's road to reach Ballinger. He, however, did not leave Austin in time to make connection with appellant's train that would reach Ballinger on May 24, which left Brenham at 10:35 a. m. on that day, and in consequence of this he remained at Brenham until 11:50 on the night of that day, when he took a train on regular time for Temple, which place he reached at 3:20 on the morning of May 25, and there remained until 10:45 on the same morning, when he boarded a mixed train, which was not going to Ballinger, and when he reached Brownwood, under instructions from the conductor of that train he left it to wait for the regular train for Ballinger, which he boarded, but on failure to pay fare when demanded he was expelled from the car, and, being without money, had to walk to Ballinger.

To have reached Ballinger before the expiration of the time to which his ticket was limited appellee should have left Austin in time to have taken appellant's train No. 1, leaving Brenham at 10:35 a. m. on May 24, and by that train alone could he make continuous passage from Brenham to Ballinger.

The movement of trains on appellant's road is thus stated by appellant's general passenger agent, and there seems to be no controversy as to the correctness of his statement:

"On May 24 and 25 defendant had trains 1, 3, and 47 between Brenham and Temple, and train 11 between Temple and Ballinger, all allowed to carry passengers. It had also train No. 49, a freight, that was permitted to carry passengers between Temple and Coleman, but between no other points. The schedule time was: No. 1—leave Brenham, 10:35 a. m.; arrive Temple, 2:30 p. m. No. 3—leave Brenham, 11:50 p. m.; arrive Temple, 3:20 a. m. No 47—leave Brenham 1:05 p. m.; arrive Temple, 10 p. m. No. 11—leave Temple, 4:15 p. m.; arrive Ballinger, 12:55 a. m. On May 24 train No. 1 left Brenham two minutes late, and arrived at Temple eight minutes late; train No. 3 left Brenham five minutes late, and arrived at Temple ten minutes late; train No. 47 left Brenham twelve minutes late, and arrived at Temple twelve minutes late; train No. 11 left Temple two hours and forty-five minutes late, and arrived at Ballinger two hours and forty-five minutes late. On May 25 train No. 1 left Brenham on time, and arrived at Temple twelve minutes late; train No. 3 left Brenham on time, and arrived at Temple six hours and forty-two minutes late; train No. 47 left Brenham and arrived at Temple on time; train No. 11 left Temple forty minutes late, and arrived at Ballinger thirty minutes late. In order to have made a continuous passage from Brenham to Temple, and from Temple to Ballinger, plaintiff should have taken train No. 1 from Brenham to Temple, and train No. 11 from Temple to Ballinger."

It seems to be uncontroverted that the ticket on which appellee was traveling was one that entitled him only to a continuous passage from Brenham to Ballinger, and that it was limited to May 24 is conceded.

After boarding the mixed train at Temple appellee presented his ticket to the conductor of that train, who advised him that it was only good for a continuous passage, and proposed to put him off at Belton without punching his ticket, there to await the passenger train bound for Ballinger; but appellee refused to do this, and said he would remain on the train until it was overtaken by the passenger train bound for Ballinger; whereupon the conductor punched his ticket and returned it to him, and he remained on that mixed train until it reached Brownwood, where he left it and soon afterward entered the train from which he was expelled.

The charge of the court, in effect, informed the jury that appellee was entitled to passage to Ballinger on the ticket held by him, notwithstanding the period limited for its use had expired before he was expelled from the train, unless he had lost that right by breaking the passage. The court, however, instructed the jury as follows: "If plaintiff when he entered defendant's freight or mixed car at Temple,

or soon thereafter, was informed by the conductor that said car did not run to Ballinger, and that said conductor offered to return plaintiff's ticket and allow plaintiff to ride to Belton without cancelling any part of said ticket, and that plaintiff voluntarily remained on said car and offered his ticket to said conductor for cancellation for so much of said distance from Temple to Ballinger as should be made on said car, and further, that said conductor punched said ticket to indicate that said ticket had been used for a part of said distance, and that plaintiff when said train arrived at Brownwood voluntarily left said car, then said ticket would not be binding on defendant for any other train, and the conductor of such other train would have a right to eject plaintiff from such train unless plaintiff paid his fare; and if you find the above facts from the evidence, you will find for the defendant.''

Appellant asked an instruction to the effect that plaintiff was not entitled to passage on the train after the time had expired within which he by the terms of his ticket was required to use it. The court refused this instruction.

Appellant also asked an instruction in reference to the duty of appellee under the contract to make a continuous passage from Temple to Ballinger, which in substance contained the same matter as that contained in the charge of the court upon that subject; but it was more elaborate, and informed the jury that it was the duty of the plaintiff to inform himself as to the trains on which he could make continuous passage. That charge also informed the jury, that the fact that the conductor on the mixed train between Temple and Brownwood permitted plaintiff to travel on his train from the one place to the other would not entitle him to passage on the train from which he was expelled if otherwise not entitled. This charge was refused.

If the charge of the court before quoted be the law, a new trial should have been granted, for there was no conflict in the evidence, and every material fact made necessary by that charge to relieve defendant from liability was proved.

It must be conceded that plaintiff was not entitled to recover if the facts enumerated in the charge given existed; but the inquiry arises, whether that charge did not make the defense to depend too much upon information given by the conductor to plaintiff, and upon his voluntary action based on such information. There can be no pretense that plaintiff was induced to go upon the mixed train, which did not run to his place of destination, by reason of any invitation or representation made by any servant of the company; and we understand it to be the duty of a person, situated as was plaintiff, to inform himself whether or not he could make that continuous passage from Temple to Ballinger contemplated by his ticket on any particular train, and the jury should have been so instructed. Dietrich v. Railway, 71 Pa. St., 433.

We understand the law further to be, that the act of the conductor on the mixed train running between Temple and Coleman, in permitting plaintiff to have passage from Temple to Brownwood on that train, did not confer any right whatever upon him to have passage on the through passenger train from Temple to Ballinger, and the jury should have been so instructed.    Dietrich v. Railway, 71 Pa. St., 432.

It being conceded that plaintiff had the right at most only to continuous passage over appellant's road, we understand the law to be that he had no right to enter a through train and thereon have passage for part of the journey, and then leave it and again have passage on a following train by virtue of the original contract and payment.    Nor had he any more the right, under the contract for continuous passage, to take a train that could not give him such passage, and this to leave at some intermediate point and again to enter and have passage on another train that could take him to his destination, even though the latter train may be the one he should have taken in the first instance. Dietrich v. Railway, 71 Pa. St., 436; Stone v. Railway, 47 Iowa, 85; McClure v. Railway, 34 Md., 535; Johnson v. Railway, 63 Md., 107; Johnson v. Railway, 46 N. H., 213; Petrie v. Railway, 42 N. J. L., 450; Wyman v. Railway, 22 Am. and Eng. Ry. Cases, 402; Railway v. Bartram, 11 Ohio St., 457; Railway v. Clark, 72 Pa. St., 231; Drew v. Railway, 51 Cal., 425; Cheney v. Railway, 11 Metcalf, 121; Hatton v. Railway, 13 Am. and Eng. Ry. Cases, 53.

The contract of the parties must fix their rights, and many reasons are suggested in the cases cited why, in the absence of express contract for continuous passage, such should be presumed to have been within the intent of the parties, and why substantial rights would be denied if such contracts be not enforced.    No question arises in this case as to what, within the meaning of such a contract, is continuous passage, where the passenger holds coupon tickets evidencing his right to travel over several roads within the line of an entire journey.    The right of plaintiff was to travel by one continuous journey from Brenham to Ballinger on such trains on appellant's road as carried passengers and made connection between those places, and this continuity would not be broken by any delay or change of cars made necessary by the conduct of appellant's business; but when plaintiff voluntarily took passage on a train which he must be held to have known would not convey him to Ballinger, and at a point on the line broke the journey, he must be held to have lost his right to enter another train and be carried to Ballinger on the original contract, as fully as would he had he on the 23d of the month come to Brownwood on the regular passenger train bound for Ballinger and stopped over at Brownwood until the next day.    Cases may arise in which by accident, misfortune, fault of the carrier, or the misconduct of employes of a carrier of passengers continuous transit may be interrupted without fault on the part of the

passenger, and in such cases the passenger may be entitled to resume his journey and to be transported as though no interruption had occurred; but no such facts exist in this case.

It is insisted that the time had expired, when plaintiff was expelled from the train, during which he was entitled to travel on the ticket, and that the jury should have been so instructed; and if the continuity of the journey had not been broken it would be necessary to decide whether, if the journey was begun on appellant's road before the close of May 24, 1888, plaintiff was entitled to complete it on the subsequent day.

The ticket is not found in the transcript, of its verbiage we are not advised, and in view of the fact that the question already considered is decisive of this appeal, we do not now deem it necessary to determine whether the construction of such a contract as the petition describes ought to be as appellant contends, which would require the journey to be ended before the expiration of the day named in the contract as its limit, or whether, if the passage was commenced before the expiration of that day, it might be completed by continuous passage afterward. There are decisions placing the latter construction on such contracts. Lundy v. Railway, 66 Cal., 191; Auerbach v. Railway, 89 N. Y., 281.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 20, 1892.