International & Great Northern Railroad Company v.
W. E. Best et al.

No. 865. Decided February 12, 1900.

1. **Passenger Carrier—Limited Ticket—Continuous Passage—Authority of Conductor.**

A round trip ticket contained a contract signed by the passenger providing that it should be good, in returning, only for a continuous trip from the date stamped by the agent at the destination, and that no agent or employe had power to modify the contract. Held, that the passenger lost all right to further transportation thereon by stopping off at an intermediate station while returning, though upon a stop-over permit given by the conductor with assurance that it was all right. (Pp. 347, 348.)

2. **Same—Connecting Lines—Joint Ticket—Stop-Over.**

If authority of a conductor to bind his company by giving stop-over privileges upon a ticket expressly denying such right could be assumed to exist, such act could not bind his principal to an undertaking that the passenger should be carried over another road (which had joined in issuing the ticket), contrary to its express contract. (P. 348.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*N. A. Stedman* and *Morris & Crow*, for appellant.—The court erred in assuming in his charge that the conductor of this defendant, between San Antonio and Austin, had authority to grant plaintiff a stop-over in Austin, when the ticket on its face provided that "no agent or employe has power to modify this contract in any particular;" and further, that after said ticket was signed up at San Antonio it was good only for continuous passage to original starting point, from date of such execution; it appearing said ticket was signed up for return passage, at San Antonio, Texas, November 7, 1897, and it further appearing that W. E. Best had agreed to all the conditions of the contract, as contained in said ticket. Railway v. Looney, 85 Texas, 158; Railway v. Powell, 35 S. W. Rep., 841; Railway v. Demilley, 41 S. W. Rep., 147; Demilley v. Railway, 42 S. W. Rep., 540; Landers v. Railway, 50 S. W. Rep., 528.

There was error in that the verdict and judgment are wholly unsupported by the testimony in this: First, the ticket with coupons attached showed it was the separate contract of the plaintiff with each defendant, and plaintiff had notice of this fact from his ticket, and therefore had notice that this defendant had no authority through its con-

ductor to grant plaintiff a stop-over at Austin that would be binding on its codefendant, the Missouri, Kansas & Texas Railway Company of Texas; second, plaintiff's ticket required, after his ticket was signed up at San Antonio, that he must make one continuous passage to his destination, and that no agent or employe of this defendant could change or modify the contract, and therefore he knew the conductor of this defendant had no authority to grant plaintiff a stop-over at Austin that would be binding on either defendant, and especially the Missouri, Kansas & Texas Railway Company of Texas; third, plaintiff shows that he knew the purport of his ticket, and it is not alleged or shown a fraud was practiced on him that deprived him of the use of his ticket from Taylor to Dallas, and in the absence of fraud he is bound by his said contract.

*Kearby & Muse* and *O. N. Brown,* for appellee Best.—The conductor in charge of appellant's train was a vice-principal, and as such it was within the scope of his authority to give the traveling public all information relating to stop-overs, etc., and there being nothing on the ticket of appellant limiting or restricting the authority of said conductor in this respect the appellant is bound by his act and conduct, and the court did not err in assuming that appellant's conductor had this authority. 5 Am. and Eng. Enc. of Law, 602, sec. 603; 3 White & W. C. C., sec. 131.

The conductor was in exclusive charge and control of the train of appellant, and it is absolutely necessary to the protection of the public that full faith and credit may be placed in the conductor's statement to the public, and the railroad company placed no one else on the train to give the public information. The conductor is experienced in the various forms of tickets in use, and it is a part of his duty to give the public just such information as that given by the conductor in this case, and the public has a right to rely upon the information so given. The act of the conductor of appellant is necessary and incident to the duties placed upon him, and the road is bound by all his acts within the real and apparent scope of his authority. The ticket itself showed that a stop-over could be allowed if "specially provided for." He did not inform the passenger as to how this special provision could be made, and the very fact that the conductor in charge of defendant's train assumed to grant a stop-over, he being the person to take up tickets and collect fares, reasonably induced appellee Best and the public to believe that he was the person that had the authority to make the special provisions to make the stop-over mentioned in the ticket.

*Alexander, Clark & Thompson,* for Missouri, Kansas & Texas Railway Company of Texas, appellee.—The judgment in so far as it affects the Missouri, Kansas & Texas Railway Company of Texas, should be affirmed, regardless of the action of the court as to the other parties to the judgment, in that it is fairly apparent from the record that, so

far as this appellee is concerned, the justice of the case has been attained. This is evidenced by the pleadings of the parties and by the testimony of the plaintiff in the court below, and there is no testimony tending to a different conclusion. Blum v. Strong, 71 Texas, 322; Telegraph Co. v. Phillips, 21 S. W. Rep., 641; Cotton v. Coit, 31 S. W. Rep., 1061; Watts v. Overstreet, 78 Texas, 572; Miller v. Sullivan, 35 S. W. Rep., 363; Salt Co. v. Heidenheimer, 80 Texas, 344; Hamilton Co. v. Prescott, 73 Texas, 565.

WILLIAMS, ASSOCIATE JUSTICE.—The questions and statement below are submitted by the Court of Civil Appeals for the Fifth District:

"This suit was instituted against the International & Great Northern Railroad Company and the Missouri, Kansas & Texas Railway Company of Texas, for the recovery of damages on account of wrongful ejection from the train while a passenger, etc. Upon the trial, the court instructed a verdict for the Missouri, Kansas & Texas Railway Company, and submitted the case as to the International & Great Northern Railway Company. A verdict was rendered in favor of the former company, as directed by the charge, and against the latter company for $250. The International & Great Northern Railway Company has appealed. The facts of the case are undisputed and are in substance these:

"November 4, 1897, the agent of the Missouri, Kansas & Texas Railway Company of Texas, at Dallas, sold Mr. Best a round trip coupon ticket over that road and the International & Great Northern Railway from Dallas to San Antonio and return. The ticket contained two coupons for each road, one for the going trip and one for return over each road. The coupons showed that the trip was to be made over the Missouri, Kansas & Texas Railway from Dallas to Taylor, and over the International & Great Northern Railway from Taylor to San Antonio. The ultimate limit of the ticket was fixed by its terms to November 15, 1897. It provided for a continuous trip going, from the date of the ticket, and for a continuous trip returning, from the date when the ticket should be stamped by the agent of the International & Great Northern Railway at San Antonio, which was made essential, by its terms, to the validity of the return part of the ticket. It further stipulated that no stop-over would be allowed, unless specially provided for, and expressly stated that no agent or employe had power to modify the contract in any particular. This contract was duly signed by Mr. Best. Mr. Best made his trip to San Antonio, and on November 7th had his ticket stamped at San Antonio by the agent of the International & Great Northern Railway and took a train to return to Dallas. The conductor of the International & Great Northern train, while taking up tickets of passengers, asked Mr. Best if he desired to stop over at Austin, situated on that road between San Antonio and Taylor. Mr. Best informed him that he would like to make the stop-over if it could be arranged so that his ticket would be good, after the stop-over, from Austin to Dallas. The conductor wrote on the International & Great

Northern coupon "Off at 67 Reed," and told Mr. Best that it was all right and that he could make the stop-over. Mr. Best did stop over at Austin, and next day resumed his journey. He was carried by the International & Great Northern Railway to Taylor, his International & Great Northern coupon being taken up by the conductor, the remaining part of the ticket bearing no. evidence of a stop-over privilege. At Taylor he took the Missouri, Kansas & Texas train, the conductor of which refused to honor the ticket because it was manifest that a continuous journey had not been made from San Antonio from the date of the stamping of the ticket at that place. Mr. Best declining to pay his fare from Taylor to Dallas, was ejected from the train at Lorena, and, remaining at that place for another train, paid his fare from that point to Dallas next morning.

"The International & Great Northern Railway did not ask any recovery against the Missouri, Kansas & Texas Railway in the event the plaintiff recovered against it, and appellee, Best, has not appealed from the judgment. The charge of the court authorized a recovery of damages against the International & Great Northern Railway on account of his ejection from the train of the Missouri, Kansas & Texas Railway Company, including compensation for mental and physical suffering, if the jury determined that the conductor of the International & Great Northern Railway was guilty of negligence in his acts relating to the matter of plaintiff stopping over at Austin, and this negligence was the proximate cause of his ejection from the train of the Missouri, Kansas & Texas Railway Company.

"Question 1. Assuming that the conductor of the International Railway caused the passenger to believe that he could stop over at Austin without forfeiting his right to passage upon the ticket from Austin to Dallas, and that this was negligence in the conductor which caused plaintiff to stop over at Austin, resulting in his expulsion from the train of the Missouri, Kansas & Texas Railway Company next day on account of forfeiture of the ticket by such stop-over, would the International & Great Northern Railway be liable for damages caused by such ejection from said train, including compensation for mental and physical suffering?

"Question 2. Could the International & Great Northern Railway, under the circumstances stated, be held liable for anything further than the loss of the value of that portion of the ticket which was forfeited and rendered valueless by the stop-over at Austin?"

We answer that the facts stated show no right of recovery against appellant. The ticket constituted the contract between the two railroad companies and the passenger, and, by its terms, restricted the right of appellee to a continuous trip from San Antonio to Dallas, and notified him that no agent or employe had power to modify such contract. Negligence of the conductor in representing the contract to confer a right which on its face it plainly denied can not be held to be the negligence of appellant, since his act was unauthorized. Appellee could not prop-

erly rely on such representation as being within the apparent scope of the conductor's authority, for the reason that the contract itself plainly showed that no such authority existed. It could be properly held, under the authorities, that such act or representation did not bind appellant even to carry appellee over its own road after he had broken his trip by stopping at Austin. Petrie v. Railway, 42 N. J. L., 449; Railway v. Henry, 84 Texas, 678.

The authority relied on by appellee (Tarbell v. Railway, 24 Hun, 51, cited in 5 American and English Encyclopedia of Law, 602, note) does not conflict with the proposition stated. In that case, the plaintiff acted upon the assurance of a train agent, who had authority to grant stop-over tickets, that he could get off the train on which he was traveling and complete the journey upon another, using the same ticket. The agent acted within the scope of his authority and it was upon this the decision was based.

But if it could be assumed that appellant's conductor had authority to bind it to carry plaintiff upon another of its trains, this would furnish no ground for going further and holding that he therefore had authority to bind his principal to an undertaking that plaintiff should be carried over the other road contrary to the express contract of such road with plaintiff. The plaintiff was bound to know the meaning of his own contract and had no right, against its provisions, to act upon the assurance of the conductor.