W. A. WILKERSON ET AL. v. MRS. N. M. BACON.

Decided March 2, 1904.

**1.—Vendor's Lien—Limitation—Rescission.**

The right of a vendor retaining an express lien, when limitation is pleaded to a part only of the debt for purchase money on which he seeks foreclosure, is to rescind the entire sale, or not at all; he can not rescind as to the note barred and recover back its proportional interest in the land, while proceeding to enforce his lien as to the other purchase money notes.

**2.—Lien—Joint Obligors—Contribution.**

Where one of two joint obligors has discharged the debt on which both were bound, and with it the lien it held on property respectively bought by them, a court of equity may render a money judgment against the co-obligor for his proportion of the debt, and is not restricted to making it a charge against such co-obligor's part of the property.

Appeal from the District Court of Bell. Tried below before Hon. Jno. M. Furman.

*J. W. Moffett* and *W. S. Banks,* for appellants.

No briefs on file for appellee.

FISHER, CHIEF JUSTICE.—On January 3, 1903, Mrs. Bacon, the appellee, instituted this suit in the District Court of Bell County, to recover of and from the defendants amounts stated in four promissory notes for $562.50 each, dated January 31, 1895 (one note was due January 1, 1899; one due January 1, 1900; one due January 1, 1901, and one due January 1, 1902), and to foreclose a vendor's lien upon lots 19 and 20, in block 23, in the city of Temple, Bell County, Texas, these lots having been conveyed by the plaintiff to Geo. E. Wilcox and Geo. A. Nelson. The notes in question were executed as a part of the purchase money for said land, and the deed which was then executed expressly retained a vendor's lien to secure the notes.

The appellants, with the exception of Mrs. Wilder, subsequently purchased the land from Wilcox and Nelson, and as a part of the consideration of this purchase, assumed the payment of the above notes.

The appellants pleaded the statutes of limitation to the note due January 1, 1899. Thereupon the plaintiff amended, and in the amended petition prayed to recover an undivided one-fourth interest in the land in controversy, in lieu of the amount represented by the note that was barred by limitation; and prayed for a moneyed judgment for the amount represented by the three remaining notes, and for a foreclosure of the vendor's lien upon the remaining undivided three-fourths interest in the land in controversy.

Among the defenses presented was a demurrer to the plaintiff's amended petition, on the ground that the plaintiff could not split up her cause of action, and thereby recover a part of the land represented by the barred note and also foreclose the lien on the remainder. In

other words, that the contract was entire and indivisible, and that the plaintiff's remedy was either an election to sue for the land or to foreclose the lien.

We are of the opinion that this demurrer should have been sustained. The contention of the appellants, as stated, is inferentially decided and supported by the decision of Coddington v. Wells, 59 Texas, 49, and Gardener v. Griffith, 93 Texas, 555; but the case directly in point, and which is decisive of the question, is Nass v. Chadwick, 70 Texas, 158.

In the case last cited, the plaintiff brought suit on three vendor's lien notes, and sought to recover a judgment for the amounts therein stated, with a foreclosure of the vendor's lien on the land described in the notes. A plea of limitation was interposed as to one of the notes. Thereupon the plaintiff, in an amended petition, undertook to recover so much of the land as was represented by the barred note, and to foreclose the vendor's lien upon the remaining quantity of land represented by the two notes that were not barred. The court held that the contract was entire and that the plaintiff was forced to an election of either the remedy to foreclose the vendor's lien on the unbarred notes, or to confine his action to a recovery of all of the land on the ground that the default in payment by the vendee authorized the vendor to regard the contract as rescinded, thereby entitling him to recover the land in question. A judgment in this case was rendered similar to the judgment in the case before us. In both instances the trial court rendered judgment permitting the plaintiffs to recover the quantity of land represented by the barred note, and foreclosed the vendor's lien on the remainder.

We find no error in the ruling of the court in the settlement of the controversy between the appellant Chattin and his coappellants, Wilkerson and Hollingsworth. They were liable to Chattin for the pro rata share due by them for the amount advanced and paid by Chattin in discharging their joint liability that arose under the notes in question. The rule of equitable contribution upon this subject is one of equality, and a court of equity has the power to render a moneyed judgment against joint obligors in favor of a co-obligor who advances and pays out money for their benefit in discharging a lien on the land which all are jointly liable for. If it appears to the court that granting relief of this character would operate as an equitable and equal adjustment of the matters between the co-obligors, we see no reason why it should be disturbed, solely upon the ground that a different relief might have been extended by the trial court creating a charge against the land in favor of the obligor who advances and pays money to discharge, either in whole or in part, a lien upon the same.

For the errors stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*