**GOLDEN WEST OIL CO. NO. 1 et al. v. GOLDEN ROD OIL CO. NO. 1 et al.**

(No. 361.)

(Court of Civil Appeals of Texas. Waco. May 6, 1926. Rehearing Denied June 3, 1926.)

**1. Joint-stock companies and business trusts ⬦1.**

The law fixes status of concern alleged to be operating under declaration of trust as a partnership.

**2. Joint-stock companies and business trusts ⬦19—Service of citation on cross-bill on trustees of trust association held sufficient to authorize judgment against trustees individually and as trustees, and also against association (Rev. St. 1925, art. 2033).**

In suit by a trust association operating under declaration of trust, in which a cross-bill complained of company and trustees individually and as trustees, service of citation on trustees *held* sufficient to authorize judgment against trustees individually and as trustees and also against company which, under Rev. St. 1925, art. 2033, was doubtless only a trade or partnership name.

**3. Joint-stock companies and business trusts ⬦19—Service on trustees and managing officers of unincorporated joint-stock company held sufficient to bind it, as well as officers, with respect to partnership claims on property which was subject of suit (Rev. St. 1925, arts. 6136–6138).**

Service on trustees and managing officers of unincorporated stock company, within purview of Rev. St. 1925, arts. 6136–6138, *held* sufficient to bind company, as well as officers served, with respect to any partnership claim which was subject of suit.

**4. Mines and minerals ⬦74—Grantors, under contract providing for forfeiture on failure of grantee to pay balance or do certain development in oil field, had right, on breach of contract, to sue for purchase price or declare forfeiture and sue for cancellation and damages but not both.**

Under contract requiring buyer of oil lease to make certain payment out of oil produced, and providing for forfeiture on failure of grantee to perform their covenants, grantors, on breach thereof, could waive right of forfeiture and affirm contract and sue for purchase price, or could declare forfeiture and sue for cancellation and damages for breach, but could not have contract canceled and also recover agreed payment.

**5. Judgment ⬦252(1)—Judgment authorizing cancellation of contract and recovery of balance due thereon held fundamental error, where pleadings asked rescission, or, in event rescission could not be had, recovery of balance.**

Where cross-bill alleged contract provided forfeiture on failure to pay balance or do certain development, and asked for rescission of contract, or, in event rescission could not be had, judgment for balance due, judgment canceling and annulling contract and authorizing recovery of balance due *held* fundamental error, as there was no pleading authorizing such recovery.

**6. Cancellation of instruments ⬦56.**

Judgment canceling contract and granting recovery of balance due thereunder *held* to constitute fundamental error as permitting wholly inconsistent remedies.

Error from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by the Golden West Oil Company No. 1 and others against the Golden Rod Oil Company No. 1 ond others.· Judgment for defendants, and plaintiffs brought error to the Fort Worth Court of Civil Appeals. After overruling of motions to dismiss appeal and strike out statement of facts (285 S. W. 627) the case was transferred by the Supreme Court to the Waco Court of Civil Appeals. Reversed and remanded.

Ringolsky, Friedman & Boatright, of Kansas City, Mo., Etheridge, McCormick & Bromberg, of Dallas, T. F. Hunter, of Wichita Falls, and Burns, Christian, Gumm & Gordon, of Fort Worth, for plaintiffs in error.

Clay Cooke, of Fort Worth, for defendants in error.

STANFORD, J. The parties will be designated as plaintiffs and defendants, as they were in the trial court. Plaintiff, a common-law trust association or partnership, of which Joseph Danciger, M. O. Danciger, and originally J. L. Van Dissen were trustees, filed this suit against defendant, a trust association, operating under a declaration of trust, and Clay Cooke, W. L. Propst, and E. D. Davenport, as its trustees, for $4,058.27. The defendants Golden Rod Oil Company No. 1 and its trustees, E. D. Davenport, Clay Cooke, and W. L. Propst, filed an answer and cross-action complaining of the Golden West Oil Company No. 1 and Joseph Danciger and M. O. Danciger, individually and as trustees of said Golden West Oil Company No. 1, and in said cross-action set up a contract, and alleged they, in their capacity as trustees of the Golden Rod Oil Company No. 1, were the owners of an oil lease covering lands in Wichita county, Tex., describing same, and that the suit by plaintiffs as well as defendants' cross-action were both based on a written contract between the parties, known as a drilling contract. Said contract was between E. D. Davenport, W. L. Propst, and Clay Cooke, as trustees for the Golden Rod Oil Company No. 1, as first parties, and M. O. Danciger, Joseph Danciger, and J. L. Van Dissen as second parties. By the terms of said contract first parties, defendants herein, conveyed to second parties an undivided one-half interest in oil leases on certain lands, and the second parties, plaintiffs herein, paid to first parties

$10,000 cash, and agreed to pay an additional $15,000 in oil that might be taken from wells to be drilled on said lands. Said second parties further agreed to furnish all material and drill a certain number of wells on said lands, the proceeds from the sale of oil produced to be divided equally between the parties, etc. Defendants further alleged in said cross-action, in substance, that said contract had been breached by the plaintiffs and said Dancigers, in that they had not complied with said contract in drilling wells and paying the balance of $15,000 consideration, and prayed for cancellation of said contract and the recovery of said $15,000, etc. On September 24, 1924, said cause was heard in the absence of plaintiffs. The court dismissed plaintiffs' petition, and tried said cause on defendants' cross-bill, and awarded to defendants judgment canceling said contract, the possession of said leased lands, all wells, material, etc., and also for $15,000.

## Opinion.

[1-3] Under their third assignment, plaintiffs contend it was error for the court to render judgment against the Golden West Oil Company No. 1 upon the cross-action, as the said Golden West Oil Company No. 1 failed to appear at the trial, did not answer said cross-action, and was not served with citation on same. The suit was brought by the Golden West Oil Company No. 1, alleged to be a trust association, operating under a declaration of trust. In their cross-bill the defendants complain of the Golden West Oil Company No. 1 and Joseph Danciger and M. O. Danciger, individually and as trustees of said Golden West Oil Company No. 1. The record discloses that the drilling contract, an alleged breach of which is made the basis of this suit, was executed by Joseph Danciger, M. O. Danciger, and J. L. Van Dissen; that Van Dissen conveyed his interest in said contract to Joseph Danciger and M. O. Danciger; and that the two Dancigers conveyed said drilling contract to themselves as trustees for the Golden West Oil Company No. 1. The record fails to disclose whether or not any one else was interested in the Golden West Oil Company No. 1. There are several reasons why we think this assignment should be overruled. No judgment was rendered against the Golden West Oil Company. This of itself is probably a sufficient reason to require this assignment to be overruled. The drilling contract, made the basis of defendant's claim to right of recovery in the cross-bill, was executed by the two Dancigers and Van Dissen, individually, and, if said contract was breached by said parties to the damage of defendants, then said defendants in their cross-bill would be entitled to recover of them individually for the entire damage. The Golden West Oil Company No. 1 was a trust company, operating under a declaration of trust, which our courts have construed to be a partnership. It is true there is no allegation in any of the pleadings that the Golden West Oil Company No. 1 was a partnership, but, it being alleged that said concern was operating under a declaration of trust, the law fixes its status as a partnership, and, as far as the record shows, Joseph Danciger and M. O. Danciger, after the withdrawal of Van Dissen, were the only two parties interested in the Golden West Oil Company No. 1. The record clearly shows they were trustees and the managing officers of said concern. They were sued in said cross-bill individually and as trustees of the Golden West Oil Company No. 1, and they were duly served with citation on said cross-bill, which authorized the judgment not only against them individually and as trustees of the Golden West Oil Company, but also against said company, which, doubtless, was only a trade-name or partnership (article 2033, Revised Statutes 1925; Graham Hotel Corp. v. Leader [Tex. Civ. App.] 241 S. W. 700; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Slaughter v. Am. Bap. Pub. Co. [Tex. Civ. App.] 150 S. W. 224); and this is true regardless of how many may have been interested in the Golden West Oil Company No. 1. However, as above stated, no judgment was rendered against the Golden West Oil Company No. 1. Even if the Golden West Oil Company No. 1 were an unincorporated joint-stock company within the purview of articles 6136, 6137, and 6138, Revised Statutes 1925, service on Joseph Danciger and M. O. Danciger, its trustees and managing officers, was sufficient to bind it, as well as the officers served, with respect to any partnership claim on the property which was the subject of the suit. First National Bank v. Alexander (Tex. Civ. App.) 236 S. W. 229; Miller v. First State Bank (Tex. Civ. App.) 184 S. W. 614. There is no merit in this assignment, and it is overruled.

[4-6] Under other assignments, plaintiffs contend that the pleadings of defendants herein are insufficient to support the judgment rendered, in that defendants in their cross-bill sought both the rescission of the contract involved in this suit and also the recovery of the consideration provided for in said contract, which were inconsistent remedies, and that it was error for the court to render judgment both rescinding the contract involved and granting a recovery of the consideration provided for in said contract. In their cross-action defendants pleaded a contract, by the terms of which they sold to plaintiffs certain mineral rights for the consideration of $25,000, $10,000 in cash, and $15,000 to be paid by delivering to defendants one-fourth of seven-sixteenths of plaintiffs' part of the oil produced by plaintiffs from said leased land until said $15,000 is satisfied, provided, if oil was not found in paying quantities, then said $15,000 was not required

to be paid, and as a further consideration for said contract plaintiffs agreed to do certain development work, to wit, to drill a second well on each of said two tracts, provided the first well which they were required to drill produced oil in paying quantities; that plaintiffs had defaulted in the covenants to be kept and performed by them, and all their rights under said contract were forfeited, and defendants in said cross-bill pleaded further as follows:

"By reason of the premises, as set out, the defendants herein pray that said drilling contract and all rights of plaintiffs and said M. O. and Joseph Danciger thereunder be canceled and held for naught. That by virtue of said contract as aforesaid, plaintiffs and the said Dancigers are indebted to defendants in the sum of $15,000; that, in the event the court should hold that defendants are not entitled to have said contract rescinded, then defendants say that the plaintiffs and the Dancigers are indebted to the defendants in the sum of $15,000, and pray judgment for that amount."

In defendants' final prayer, they prayed that said drilling contract be canceled and held for naught; that plaintiffs take nothing by this suit; that defendants have judgment against plaintiffs for $96,300, the same being the oil runs from July 1, 1919, to May 1, 1920, and unaccounted for; that defendants recover against plaintiffs $5,000 for wrongful garnishment; "that the defendants have judgment for $15,000 due as aforesaid," and for general and special relief. On the trial the drilling contract was introduced in evidence. Clay Cooke testified as follows:

"They never drilled the second well, and we never got any part of that $15,000, which was the balance of the cash consideration for this lease."

The defendants on the trial abandoned their claim for $96,300 damages for oil unaccounted for, announcing they were unable to prove said item. The court instructed the jury to find for the defendants on said cross-bill against plaintiffs for the cancellation of the drilling contract, and for the recovery of the title and possession of the premises, describing same, and for the sum of $15,000. The defendants in the contract set out in the cross-bill, conveyed to plaintiffs a half interest in the oil and minerals under certain lands. Plaintiffs, under said contract, paid $10,000 cash, and agreed to pay $15,000 by delivering to defendants one-fourth of seven-sixteenths of their part of the oil to be found until said $15,000 is paid, and also agreed to do certain development in the way of drilling wells as specified in the contract. The contract also provided, in effect, in case plaintiffs failed to keep and perform the covenants as provided in the contract to be kept and performed by them, then all their rights under said contract should be forfeited. This forfeiture provision was placed in the contract for the benefit of the grantors in said contract, the defendants herein. Clemenger v. Flesher (Tex. Civ. App.) 185 S. W. 304; Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 184; Cotherman v. Oriental Oil Co. (Tex. Civ. App.) 272 S. W. 616; Roberts v. Bettman, 45 W. Va. 143, 30 S. E. 95; Leatherman v. Oliver, 151 Pa. 646, 25 A. 309. It is equally clear that, if plaintiffs did fail to keep and perform their covenants to be by them kept and performed, thereby giving defendants the right to declare said forfeiture, this failure on the part of plaintiffs did not ipso facto forfeit said contract and render same void, but only gave the defendants the right to declare a forfeiture and to sue for the cancellation of said contract and for damages for its breach, but defendants were not required to pursue this remedy. They also had the right, notwithstanding said breach, to waive their right of forfeiture, and to affirm the contract and sue for the purchase price, for the consideration of the contract agreed upon. The defendants had the right of election to either declare the forfeiture and sue for cancellation and damages for such breach, or to affirm the contract and sue for the consideration, but clearly they could not pursue both remedies, and neither could defendants affirm the contract in part so as to recover the $15,000 unpaid purchase price, and forfeit and cancel same, waiving the development work, so as to recover the leased property. Stinson v. Sneed (Tex. Civ. App.) 163 S. W. 989, and cases there cited; Marshall v. Mayfield (Tex. Com. App.) 227 S. W. 1097; Wilkerson v. Bacon, 35 Tex. Civ. App. 44, 79 S. W. 349; Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828; Gardener v. Griffith, 93 Tex. 355, 55 S. W. 315. There were two obligations required of plaintiffs by the contract to be performed, each of which constituted a part of the consideration for the conveyance by defendants of a half interest in said oil leases. One was the payment of the $15,000 in oil, and the other was the drilling of certain wells, and the failure to perform either obligation authorized defendants to forfeit said lease. Defendants in their cross-bill could have confirmed said contract, sought damages for failure on the part of plaintiffs to drill said wells, and also sought recovery of the $15,000, the cash consideration, or they could, as they did, claim the forfeiture, and sue to cancel said contract and recover damages for failure to drill. But they could not affirm the contract in part for one purpose and forfeit and cancel it in part for another purpose, and they could no more forfeit and cancel the contract, and at the same time recover the $15,000 consideration, than they could forfeit and cancel it, and in the same proceeding compel plaintiffs to do the drilling. In the light of both the pleadings and the evidence, this $15,000 for which judgment was given cannot be construed as being other than the

$15,000 consideration specified in the contract. In their cross-bill, clearly defendants sought a forfeiture and cancellation of said contract, and in their pleading alleged, after setting out said contract in full—

"that, by virtue of said contract as aforesaid, plaintiffs and the Dancigers are indebted to defendants in the sum of $15,000; that, in the event the court should find that defendants are not entitled to have said contract rescinded, then defendants say that the plaintiffs and the said Dancigers are indebted to defendants in the sum of $15,000, and pray for judgment for that amount."

This was a correct pleading applicable to the facts pleaded, but in peremptorily instructing a verdict. and in rendering judgment the trial court seems to have ignored said pleading and rendered judgment that the drilling contract be "canceled and annulled," and that defendants recover, not only the oil land they had leased to plaintiffs, but also said $15,000. This was fundamental error. It was fundamental error in that there was no pleading authorizing such recovery, and, further, this being a suit to cancel and annul the contract, and a judgment being rendered so canceling and annulling said contract, it would, we think, have been fundamental error to render judgment for said $15,000, the balance of the consideration for said lease contract, regardless of how well the case may have been pleaded, for to permit such recovery would be permitting defendants to pursue wholly inconsistent remedies. We sustain these assignments, which requires a reversal of this case.

There are other assignments, but, as the case is to be reversed, we deem it unnecessary to discuss same. In fact, they may not arise upon another trial.

For the error above pointed out, the cause is reversed and remanded.