### SEABOARD AIR-LINE RAILWAY *v.* RAINEY.

1. It is not the duty of a railway company to awaken a sleeping passenger, in order to advise him that his destination is reached and enable him to leave the train.
2. A failure of a railway company to duly announce to passengers the arrival of its train at a regular station affords no cause of action against it to a passenger who was bound for such station and carried beyond it, when he was soundly asleep when the train arrived there and departed therefrom, although he alleges, in his petition, that he was "very easy to awake from sleep," and that the mere announcement of the station would have been sufficient to arouse him from sleep; the allegation as to the effect upon him of such an announcement being a mere inference or conclusion, too conjectural and speculative to be susceptible of satisfactory proof.

Submitted January 30, — Decided March 6, 1905.

Action for damages.    Before Judge Gale.    City court of Brunswick.    July 8, 1904. .

*Crovatt & Whitfield,* for plaintiff in error.
*Frank H. Harris,* contra.

FISH, P. J.    W. H. Rainey brought an action against the Seaboard Air-Line Railway for damages.    In the view that we take of the case, the material allegations of the petition are as follows: Plaintiff purchased a ticket from defendant's agent at Savannah, Georgia, for passage from that point to Brunswick, Georgia, over defendant's road from Savannah to Thalman and over the Atlantic & Birmingham Railroad from Thalman to Brunswick.    After leaving Savannah, the conductor of defendant's train examined plaintiff's ticket and informed him that he must change cars at · Thalman.    " Being extremely tired petitioner went to sleep on said car, expecting that the said defendant's said agent would arouse him and notify him of his arrival at Thalman, the place where he was expected to change cars to reach Brunswick.    Petitioner is

very easy to awake from sleep; and had the said conductor announced the arrival of said train at Thalman, it was itself sufficient to arouse petitioner from sleep, and the conductor did not announce the arrival of said train . . . And petitioner specifically charges that the defendant corporation's conductor in charge of said train nor any agent of the defendant did announce the arrival of said train at Thalman." "On the arrival of said train at Thalman, the said conductor nor any agent or employee of the defendant notified petitioner of its arrival, nor did they do anything to awaken petitioner. That so failing to awake petitioner, or notify him to change cars at Thalman, petitioner was carried by Thalman by the defendant on its said train and carried to Jacksonville, Fla., where he was landed penniless and without the means of obtaining money or accommodation from any person." Both general and special damages were alleged. The defendant demurred, generally and specially, to the petition. The demurrer was overruled, and the defendant excepted.

It is well settled that it is the duty of a railroad company, carrying passengers, in order to afford a passenger an opportunity to leave the train at the station of his destination, to have the name of such station announced upon the arrival of the train, and then to stop the train for a sufficient length of time for him to alight with safety. *Southern Railway Co.* v. *Hobbs,* 118 *Ga.* 227. But there is no duty on the part of the railroad company to awaken a sleeping passenger, in order to advise him that his destination has been reached and to enable him to get off the train there. *Nunn* v. *Georgia Railroad Co.,* 71 *Ga.* 710. While a demurrer to a petition or declaration is held to admit the truth of all the material, well pleaded facts alleged therein, it does not admit mere inferences therefrom. *Southern Railway Co.* v. *Covenia,* 100 *Ga.* 46; 6 Enc. Pl. & Pr. 336. Applying the rule that pleadings should be construed strictly against the pleader, it is questionable whether the petition in the present case positively alleges that no agent of the defendant announced the arrival of the train at Thalman. But granting that such an allegation is substantially set out in the petition, it is still fatally defective, for the reason that it does not appear that the plaintiff was misled thereby. He was asleep when the train arrived at Thalman, and although the petition alleges that had the conductor announced the

arrival of the train at that place, such announcement would of itself have been " sufficient to arouse petitioner from sleep," this allegation is a mere inference or conclusion of the plaintiff, so speculative and uncertain as not to amount to a fact well pleaded. In the very nature of things, it was impossible for the plaintiff to know whether the announcement, if it had been made, would have awakened him. It might have had that effect, or it might not. He was in a condition to sleep soundly, as he was " extremely tired," and voluntarily went to sleep, with his mind undisturbed by any apprehension that by so doing he might be carried beyond the station where he intended to leave the train; for he expected that the conductor " would arouse and notify him of his arrival at Thalman." In order for the plaintiff to have a cause of action, based on the negligence of the railroad company in failing to have an announcement made of the approach of the train to, or its arrival at, Thalman, it should appear, with at least some degree of certainty, that such negligence was the proximate cause of his being carried beyond that station. It does not appear, from the allegations of the petition, that the plaintiff, if he had been awake, would not have known, without being informed, of the arrival of the train at Thalman. Therefore the fact that he was carried beyond that station, and on to Jacksonville, Florida, may have been due to his own negligence in going to sleep. Indeed it seems more likely that the injury of which he complains was due to his own negligence than it does that it was due to the negligence of the defendant. He was negligent, and the defendant was negligent; and whether the negligence of the one or that of the other was the proximate cause of the injury complained of is a question the solution of which is too conjectural and speculative to admit of satisfactory demonstration by proof. In *Southern Railway Company* v. *Hobbs,* supra, it was held that a failure of a railway company to announce to passengers the approach of a train to a regular station would not count against the company, relatively to a passenger who was in no way misled thereby. In that case it appeared that the plaintiff, who sued the railway company for the failure of its servants to announce the station to which she had purchased a ticket, knew of the arrival of the train at her destination, and that therefore she was not misled by a failure to announce the station. The same reasoning applies in the

present case. For, we think, the failure of a railroad company to duly announce to the passengers upon one of its trains the arrival of such train at a particular station ought not to count against the company, relatively to a passenger who is not able to show by any satisfactory proof that he was misled thereby.

*Judgment reversed. All the Justices concur.*