## 8966

### GILKERSON v. ATLANTIC COAST LINE R. R. CO.

#### (83 S. E. 592.)

CARRIER AND PASSENGER.   DUTY TO ASSIST PASSENGER TO ALIGHT.

1. DISCHARGING PASSENGERS AT DESTINATION.—DUTY TO AWAKEN SLEEP-ING PASSENGER.—Where a passenger, when paying his fare, told the conductor that he was very tired and probably would not be awake when the train reached his destination at 4 o'clock in the morning, and requested the conductor to see that he was awake, which the conductor promised to do, the company was liable for the conductor's failure to awaken him, by reason whereof he was carried several miles beyond the station and compelled to walk back, it not being a case where the passenger was attempting to convert an ordinary coach into a sleeping apartment, but merely a case where he was afraid he would be overcome by sleep involuntarily on account of his physical condition, and it is the duty of a conductor to render assistance to a passenger in order that he may alight from the train at the proper time when his physical condition renders such assist-ance necessary and the conductor has knowledge of such fact.

2. Where a conductor has notice that a passenger on a day coach is wearied, and liable to be overcome by sleep, the conductor's promise to awaken him, if he should be asleep on arrival of the car at his destination, in order that he might then leave the car, is incidental to his duty to render assistance to passengers, and within the scope of his employment.

3. A railway company is liable to a passenger for damages arising from his being negligently carried beyond his destination, where its servant and conductor had notice that the passenger would probably need assistance to awaken him at time he should leave the train, and after promising such assistance, failed to render same.

MESSRS. JUSTICES WATTS *and* GAGE, *dissenting.*

Before RICE, J., Florence, April, 1913.   Reversed.

From a direction of a verdict for the defendant, in an action by Y. S. Gilkerson against Atlantic Coast Line R. R. Co., plaintiff appeals.   The facts are stated in the opinion.

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for the appellant, submit: *Failure to state reasons for directing a verdict has been held reversible error:* 38 Cyc. 1588; 95 Mich. 22; 54 N. W. 693; 45 Mich. 410; 8 N. W. 79.   *Duty*

*to passenger:* 53 S. C. 210; 31 S. E. 224; 75 S. C. 286; 83 S. C. 454; 77 S. C. 371. *Continuance of relation as carrier and passenger:* 2 Hutch. Carriers 1171; 105 N. W. 151; 2 L. R. A. (N. S.) 875. *Where carrier's agents undertake to give information, they must do so correctly:* 93 S. C. 535; 91 S. C. 71; 75 S. C. 286; 86 S. C. 528. *Information as to dangers of place where he left train:* 75 S. C. 286; 94 S. C. 287; 38 S. C. 29; 86 S. C. 110. *Distinguished:* 72 S. C. 343. *Evidence of recklessness:* 90 S. C. 358; 71 S. C. 76. *Care due passenger:* 92 S. C. 180.

*Messrs. F. L. Willcox, McNeill & Oliver* and *S. M. Wetmore,* for respondent, submit: *No duty of carrier to awaken a sleeping passenger in order to advise him that his destination is reached:* 50 S. E. 88; 61 Miss. 8; 71 Ga. 710; 61 Miss. 8; 4 Elliott R. R., p. 2532, sec. 1621; 67 S. C. 65, 66; 2 Hutch. Carriers, p. 1316, sec. 1121. *Offer to correct mistake:* 72 S. C. 343.

October 9, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

On the 24th day of August, 1912, the plaintiff purchased a ticket from the defendant, at Florence, S. C., for the purpose of being carried as a passenger to Laurens, S. C. In making the trip, it was necessary for him to change cars at Sumter, S. C., about 4 o'clock in the morning. There is evidence that when the conductor came to the plaintiff to collect his fare he told the conductor that he was very tired, and probably would not be awake when the train arrived at Sumter, and thereupon requested the conductor to see that he was awake, in order that he might make the necessary change of cars. The conductor promised to comply with his request. When the train arrived at Sumter, the plaintiff had fallen asleep, but the conductor failed to awake him, and he was carried several miles beyond said station.

At the close of the testimony, the defendant's attorney made a motion for the direction of a verdict, on the ground that no duty was imposed by law upon the defendant to see that the plaintiff was awake when the train arrived at Sumter.

The motion was granted and the plaintiff appealed.

The question to be determined is, whether there was error on the part of his Honor, the presiding Judge, in directing a verdict on the ground just stated.

The question is not whether it is the duty, ordinarily, of a conductor to awake a sleeping passenger, but whether it is his duty to render assistance to a passenger, in order that he may alight from the train at the proper time, when his physical condition renders such assistance necessary, and the conductor has knowledge of such fact. Under such circumstances, a promise on the part of the conductor is merely incidental to his duty to render assistance to passengers, in getting off the train when he has notice of the fact, that his aid is needed.

This is not a case in which the passenger was attempting to convert an ordinary coach into a sleeping apartment, but where he was afraid he would be overcome by sleep, involuntarily, on account of his physical condition, and, therefore, sought the assistance of the conductor in order that he might be in a condition to make the necessary change of cars.

The rule is well settled that if there are circumstances which require the assistance of the conductor to a passenger in alighting from a train, the railroad company is liable if the conductor has notice of such circumstances and fails to render the necessary assistance. *Madden* v. *Ry.*, 41 S. C. 440, 19 S. E. 951, 20 S. E. 65; *Doolittle* v. *Ry.*, 62 S. C. 130, 40 S. E. 133.

In the present case, the conductor not only was notified that the plaintiff would probably need his assistance, but he promised to comply with the plaintiff's request.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MESSRS. JUSTICES HYDRICK and FRASER concur in the opinion of the Court.

MR. JUSTICE WATTS, *dissenting.* This was an action for actual and punitive damages by plaintiff against the defendant for carrying the plaintiff beyond his station. Plaintiff alleges a special contract with the conductor to awake him when the train arrived at this station, and that by reason of the failure on the part of the conductor to do it, he was carried several miles beyond his station and compelled to walk back, and this constitutes his cause of action. At the close of the testimony, the Court, on defendant's motion, directed a verdict in favor of defendant. The plaintiff appeals on several grounds, and by three exceptions alleges error on the part of the Court in that there was testimony tending to show various acts of negligence, wantonness and wilfulness, as alleged in the complaint, and in not holding the defendant company liable for the failure to awake the passenger and acquaint him that he had arrived at his station and should alight, and that wilfulness, recklessness and wantonness could be inferred from the evidence that the conductor failed to keep his promise to awaken the passenger, and gave misleading information as to the distance back to the station where plaintiff should have alighted, and failed to notify the passenger of certain trestles on the route back to the station. The evidence shows that the plaintiff lived at Florence, S. C., and started to Laurens, S. C., on August 25, 1912, and that it was necessary for him to change cars at Sumter, S. C., in order to get on the train that runs from Charleston to Greenville by Laurens; that he bought a ticket to Laurens, and boarded the train, and told the conductor that he had been working very hard and was tired and

sleepy, and to please see that he got off at Sumter; and that the conductor promised to see that he got off there. The train passed Sumter while he was asleep, and he was not called or notified of its arrival there. He was on the train in a day coach, and not a Pullman or sleeping car. After he had passed Sumter the conductor found him on the train and informed him that they had passed Sumter and were a mile from there, and that he would stop the train and let him off, or he could go on to the next station and get off and get on train going to Sumter. The plaintiff concluded to get off and walk back to Sumter, which he did. It was several miles, and he was encumbered with his baggage, and crossed some long trestles, and it was not daylight. It being Sunday, he was informed that there were no freight trains on the road. He was inconvenienced and made tired, but he got to Sumter in time to catch his train and get to Laurens at the time he was scheduled to arrive. The conductor did not call for any additional fare or eject or threaten to eject him from the train. The plaintiff voluntarily left the train under a mistaken idea as to the distance to Sumter. There was a conflict of testimony between plaintiff's and defendant's witnesses as to most of the material issues in the case, and as to what actually occurred as to the promise to call him at Sumter and what took place when he got off of the train.

We think the whole question turns on the duty of the railroad company in respect to notifying its passengers when their destination is reached. The law imposes the duty of the railroad of stopping its trains at the stations a sufficient length of time for its passengers to safely get off and on the trains and to call out the stations. The uncontradicted evidence in this case shows that this was done when the train arrived at Sumter. When this was done the defendant performed its full duty, and if plaintiff went to sleep and failed to hear the station called and got off, the defendant cannot be held in damages, and even if conductor promised to call

him and did not hunt him up and wake him up, the plaintiff would not be entitled to recover damages for being carried beyond his station. The conductor's and flagman's duties when they arrived at the station were to assist passengers off and on the train, and the law imposes no duty on them in a day coach to go through the train and wake up the sleeping passengers.

In the whole evidence there is not a particle of evidence that shows any negligence, wilfulness, or wantonness, that would form a basis for damages, actual or punitive. It is not the duty of a railroad company to a day coach passenger to advise him that his destination is reached. *Seaboard Air Line Ry. Co.* v. *Rainey,* 122 Ga. 307, 50 S. E. 88; *Nunn* v. *Ga. R. R. Co.,* 71 Ga. 710.

The law is different between a day coach and a sleeping car company. In the latter case, it is the duty of the employees of a sleeping car company to awaken passengers in plenty of time for them to prepare to get off before reaching their destination. To hold that the railroads should be held liable in damages because the conductor could contract to go through the trains and call each passenger individually on the arrival of a day coach at a station, was never contemplated as being within the scope of his employment, and would seriously hamper and endanger the traveling public, would prevent the conductor and trainmen from discharging their duties in being where they could assist passengers off and on the train, and bring about confusion, annoyance and vexatious delays. I see no merit in the exceptions and they should be overruled.

I think the judgment should be affirmed.

MR. JUSTICE GAGE concurs with MR. JUSTICE WATTS.