9468

GILKERSON v. ATLANTIC COAST LINE R. CO.

(89 S. E. 549.)

1. EVIDENCE—OPINION.—In an action against a railroad for its conductor's failure to arouse plaintiff at destination and for allowing him to disembark three or four miles out of the town on the representation that the train was but a mile out, it was competent for plaintiff to testify that when he disembarked he did not know how far he was from the town, and that he would not have disembarked had he known the right distance, the testimony not being opinion.

2. CARRIERS — CARRIAGE OF PASSENGERS — DUTY OF RAILROAD. — A ticket purchased by a passenger for transportation on a railroad entitles him to be transported to destination on the particular line, to be notified of his arrival, and to be furnished time and opportunity for disembarking; and when a railroad has transported him, given notice of arrival in the car, and afforded time and opportunity for disembarking, it has performed its duty.

3. CARRIERS— PASSENGERS — CARRYING BEYOND DESTINATION — DUTY TO SLEEPING PASSENGER.—Where a railroad conductor, having cause to expect a passenger is asleep at destination, fails to awaken him, either wilfully or negligently, when he is apparently asleep, the road is liable for carrying him beyond his destination.

4. CARRIERS — PASSENGERS — CARRYING BEYOND DESTINATION — DUTY TO SLEEPING PASSENGER.—Where a railroad conductor happens, without previous warning, to see a passenger asleep in a coach at his station, the duty rests on the conductor to awaken him, though there is no duty on him to go through a day coach and arouse every passenger.

5. CARRIERS— PASSENGERS— CARRYING BEYOND DESTINATION— ACTION— INSTRUCTION.—In an action against a railroad by its passenger for failure to awaken at destination, defendant's first requested charge that the road performed its duty by transporting its passenger, giving him notice of arrival, and affording him time and opportunity for disembarking, was properly modified by the exception that if a

party is in such physical condition as to demand that he be given assistance in disembarking, whether from old age, insanity, or what not, and the fact is apparent to the railroad, it is its duty to give him assistance.

Before GARY, J., Florence, November, 1915.    Affirmed.

Action by Y. S. Gilkerson against the Atlantic Coast Line Railroad Company.    From a judgment for plaintiff, defendant appeals.

The following is the request to charge and modification thereof referred to in the opinion:

"1. When a citizen purchases a ticket for transportation on a railroad from one point to another, he is entitled to be transported to the destination on that particular line, to be notified of arrival at destination, and to be furnished time and opportunity for disembarking; and when a railroad company has transported him, given notice of arrival in the car, and afforded time and opportunity for disembarking, it has performed its duty."

"I charge you that, except as I told you before, if it is apparent to the conductor that a party is in such a physical condition as to demand that he be given assistance in disembarking, whether from old age, insanity, or what not, if it is apparent to the railroad that he needs that assistance it is the duty of the railroad to give it to him."

*Mr. F. L. Willcox,* for appellant, cites: 99 S. C. 426; 122 Ga. 307; 2 Hutch. Carriers, p. 1316, sec. 1121; 4 Elliott Railroads, p. 2532, sec. 1621; 71 Ga. 710.

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for respondent, cite: *Testimony as to when plaintiff first knew he passed station was relevant:* 60 S. C. 201; 69 S. C. 531, 534; 72 S. C. 516, 523; 77 S. C. 56. *Question res judicata:* 65 S. C. 410; 92 S. C. 354; 93 S. C. 148; 94 S. C. 292, 294. *Misinformation cause of injury:* 75 S. C. 286; 9 S. C. 71;

93 S. C. 535; 94 S. C. 287. Termination of care due passenger: 4 L. R. A. (N. S.) 140; 31 Ib. 624; 53 S. C. 210; 2 L. R. A. (N. S.) 875; 127 Ga. 126; 56 S. E. 119.

July 15, 1916.

The opinion of the Court was delivered by Mr. JUSTICE GAGE.

A former direction of a verdict for the defendant was reversed, and the case now comes back upon appeal from a verdict for the plaintiff for $250. 99 S. C. 426, 83 S. E. 592, L. R. A. 1915c, 664. There is a sufficient statement of the facts on the former appeal; they are not different now.

The complaint alleges, and the testimony tended to prove, two delicts of the defendant's servant, the railroad conductor; one in the promise and failure of the conductor to perform his promise to arouse for disembarkation the plaintiff asleep at Sumter in a day coach about 4 o'clock in the morning; the other for allowing plaintiff to disembark three or four miles out of Sumter, upon the representation that the train was but a mile out.

There are eight exceptions; but the appellant has argued only three questions, and the second and third are so allied we shall consider them together.

1. It was clearly competent for the plaintiff to testify that when he disembarked from the train he did not know how far he was from Sumter, and that *he would not have disembarked* had he known the real distance he was from base. This was not the expression of an opinion. When it appeared that the plaintiff got off a train in the nighttime four miles from a station, the instinctive inquiry is, why? That involves in part the plaintiff's mental operation, of which he alone is cognizant. Did he know he was four miles out? Was he told by one in authority and supposed to know that he was one mile out? If he had

known the true fact would he have undertaken the walk back? It is true an inference ·might be drawn from the circumstances of what the plaintiff would have done had he known the fact, without any expression of notice by the plaintiff; but if the plaintiff speaks truly, that it is the best evidence of what he would have done; if his expression is hostile to an inference from the circumstances, the jury will weigh both.

2. The defendant's first request will be reported; as far as it went it is a correct statement in the abstract. The modification of the request by the Court had reference to the alleged circumstances of the case on trial. The plaintiff will not deny that had he been himself when the train reached Sumter, and the station was announced, and the time to disembark was given, then the carrier had performed its whole duty towards him That is the case suggested by defendant's first request. But the plaintiff's contention of fact was, that in truth the plaintiff was asleep when Sumter was reached; that the conductor had not long before been advised by the plaintiff that such a condition would probably overtake him; that the conductor assured him that he would be on the lookout for that condition; but that he was not on the lookout.

The defendant's counsel, with his habitual candor, makes this concession in his brief:

"It will be conceded that if any other service in addition to that which the ticket entitles a passenger in a day coach is demanded, some additional consideration must be paid in order to support a contract for such additional service. It may, however, be conceded that if a passenger is asleep when he reaches his destination in a day coach, and if the conductor has had previous cause for expecting him to be asleep, and if on arrival at destination the conductor knows of the fact that the passenger is asleep, and does not awaken him, but on the contrary, permits him to be carried beyond his station, knowing of the fact that he

is being carried beyond destination, and then awakes him, a cause of action for wilfulness would arise."

If that be so, and it surely is, how is the case altered in principle if the conductor, having cause for expecting the passenger to be asleep, fails to awake him when he is apparently asleep, and *not of a purpose* that is wilfully, but from a lack òf care? The obligation to exercise care just at the juncture was not cast upon him generally by his office; it arose out of his knowledge that the passenger would probably be asleep and would rely on the conductor's oversight.

The appellant suggests that the defendant got no consideration for the conductor's promise to overlook the plaintiff at Sumter. It is true that no extra compensation was paid in money; but there are small services which a carrier can render to its patron, valuable to the patron, yet worthless in the measure of cents; and it is also true that the patron sometimes ungraciously seeks to convert into a charge that which was intended as a gratuity.

If a conductor should happen, without previous warning, to see a passenger asleep in a coach at his station, the duty would rest upon the conductor to awaken him, though there would be no duty resting on the conductor to go through a day coach and arouse every passenger.

And it matters not whether the act of the conductor thereabout was one of commission or one of omission; that is, whether it was wilful or negligent. The question of fact in the instant case was, whether under all circumstances, the conductor had notice of the plaintiff's disability at Sumter.

We are of the opinion that the defendant's first request was modified properly to meet the case in hand, and that the Court was right to send the cause to a jury.

The judgment is affirmed.