## 10553

### MURRELL *ET AL.* v. CHARLESTON & W. C. RY. CO.

#### (105 S. E. 350.)

1. CARRIERS—EVIDENCE OF PROMISE TO HELP PASSENGER OFF AT PROPER PLACE SUSTAINS VERDICT FOR CARRYING PAST DESTINATION.—Evidence that the porter promised plaintiff to assist her to alight at the proper place is sufficient to sustain a verdict awarding actual damages

against the carrier for carrying the passenger beyond her destination.

2. EVIDENCE—TESTIMONY THAT CONDUCTOR TREATED PASSENGER AS A NEGRO HELD A CONCLUSION AND INSUFFICIENT TO JUSTIFY PUNITIVE DAMAGES FOR CARRYING BEYOND DESTINATION.—Testimony by a passenger, who had been carried beyond her destination, that the conductor treated her as if she were a negro, was a conclusion and does not justify an award of punitive damages, where there was no evidence of any violence or insolent or discourteous act by the conductor.

3. TRIAL—CHARGE MUST BE CONSTRUED IN ENTIRETY.—An exception to portions of the charge cannot be sustained where, considering the charge in its entirety, the Supreme Court cannot say that it was erroneous or that the defendant was prejudiced to such an extent as to call for reversal.

Before WILSON, J., Aiken, November term, 1919. Reversed as to punitive damages. Affirmed as to actual damages.

*Messrs. F. B. Grier* and *R. L. Gunter,* for appellant, cite: *Duty to passengers at stations:* 1 Civ. Code 1912, sec. 3225; 65 S. C. 1; 67 S. C. 65. *Conductor has right to assume that each passenger knows her destination and will make reasonable efforts to alight on arrival:* 65 S. C. 33; 5 A. & E. Enc. Law 571; 78 S. C. 70; 4 R. C. L. 538. *Injury due to plaintiff's negligence she cannot recover:* 51 S. C. 296; 53 S. C. 203; 72 S. C. 336. *To sustain action for abusive language, wrong must be found in the servant's language, not in plaintiff's opinion of it:* 4 R. C. L. 601; Ann. Cas. 1914a, 20, and note; 110 S. C. 312. *Exemplary damages:* 5 R. C. L. 741; 29 S. C. 381; 81 S. C. 317. *Passenger's duty before boarding train to ascertain if it stops at her station:* 110 S. C. 87; 75 S. C. 370; 82 S. C. 478.

NOTE.—On the question of punitive damages for carrying passenger beyond destination, see notes in 17 L. R. A. (N. S.) 1230, 41 L. R. A. (N. S.) 746.

On carrier's liability to exemplary damages for act of servant, see note in 48 L. R. A. (N. S.) 35.

*Messrs. Sawyer & Giles,* for respondent, cite: *Case prop-.
erly submitted to the jury:* 93 S. C. 535; 108 S. C. 393; 107
S. C. 503; 107 S. C. 502; 110 S. C. 379; 102 S. E. 11; 27
S. C. 269; 110 S. C. 81; 91 S. C. 440. *Question of fact and
verdict should not be disturbed:* 93 S. C. 535; 99 S. C. 426;
41 S. C. 440; 88 S. C. 14; 91 S. C. 74; 93 S. C. 20; 67 S. C.
65; 75 S. C. 286; 94 S. C. 286; 94 S. C. 436; 107 S. C. 502;
85 S. C. 483. *Court cannot weigh the preponderance of tes-
timony:* 110 S. C. 379; 75 S. C. 293; 68 S. C. 447; 66 S. C.
303; 102 S. E. 6; 100 S. C. 33; 102 S. E. 11; 91 S. C. 440;
107 S. C. 24. *Defendant notified of needs of passenger:*
62 S. C. 138. *And were under duty to supply her needs:*
41 S. C. 445; 21 Ann. Cas. 1077; Ann. Cas. 1912d, 1150;
Ann. Cas. 1912c, 667; 86 S. C. 530; 81 S. C. 317; 83 S. C.
411; 85 S. C. 430. *All facts taken together may produce
inference of wantonness:* 75 S. C. 334; 14 Rich. 237; 90 S.
C. 361; 111 S. C. 322. *If there is any element of doubt as
to a fact, it is for the jury to decide:* 85 S. C. 483. *Charge
was taken from 67 S. C. 64. Charge as a whole correct:*
98 S. C. 262; 99 S. C. 364. *And should be considered in its
entirety:* 99 S. C. 432. *Charge as a whole could not have
misled jury:* 97 S. C. 153; 92 S. C. 201; 87 S. C. 315.
*Counsel should have called attention of Court to errors in
charge:* 100 S. C. 357; 86 S. C. 229; 102 S. C. 166.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"This is an action for damages by the plaintiff, Mrs. J. R.
Murrell, against the defendant, Charleston and Western
Carolina Railway Company, for having been carried by the-
town of McCormick and failing to make connection with the
train at that point, which passed through the town of Mt.
Carmel, on the Anderson Branch of the said railway, on the
28th day of August, 1917. The case was tried by his

Honor, John S. Wilson, at the November term of the Court of Common Pleas, 1919. The jury returned a verdict for actual damages in the sum of $200, and punitive damages in the sum of $2,000, which were reduced on motion for a new trail to $1,000 punitive damages, and $200 actual damages. From the judgment entered upon the said verdict, the defendant appealed to this Court, on grounds hereinafter set forth."

The exceptions, three in number, complain of error on the part of his Honor in not directing a verdict for the defendant as asked for, both as to actual and punitive damages; second, in refusing to direct a verdict as to punitive damages; third, error in Judge's charge to the jury.

As to actual damages, there was ample evidence to submit this issue to the jury. There was evidence that the porter promised to put her off and assist her in getting off at proper place, and under *Gilkerson v. Railway*, 105 S. C. 132, 89 S. E. 549, this issue should have been submitted to the jury.

As to punitive damages, there is no evidence in the case that would warrant a verdict for punitive damages.

It is true plaintiff testifies that the conductor treated her as if she were a negro. This was a conclusion, and not a fact stated. She did not testify to anything that he did, or said, anything from which this conclusion could be found. He did not threaten to eject her, was guilty of no violence to her, did not touch her, and there is nothing in her testimony whereby it could be inferred from anything he did or said that he was insolent, abusive, or wanting in courtesy. When he found that he had carried her beyond McCormick's and she had no money, he gave her 50 cents. She evidently was irritated and nervous, naturally so, and thought he was discourteous, when he was not, and nothing that she detailed as to what happened and what was said could be construed

into something that would warrant the Court and jury in inflicting other than compensating damages.

She testified that she knew Mt. Carmel was on the Anderson Branch.    She said:

"I know that Mt. Carmel was on the same road that went to Anderson when I left Augusta and before I went to Augusta."

Later, she says, when the train passed McCormick's it was announced, "Change for Anderson."

She says she did not lose anything in a financial way except $1.75; that 40 cents of this amount was used to get to McCormick's; that she had the ticket, but would not use it, as she was thinking of suing the railroad and advised to hold it.

The jury awarded $200 actual damages to compensate her for loss of time, inconvenience, and expenditure of $1.75, and delay of 24 hours, and $2,000 punitive damages. His Honor should have directed a verdict for the defendant as to punitive damages, and the exception raising this question is sustained.

As to the third exception, considering the charge of his Honor in its entirety, we cannot say that it was erroneous, or that the defendant was prejudiced to such an extent as to call for reversal.

These exceptions are overruled, and the judgment of this Court is that the judgment as to punitive damages be reversed, and the judgment as to actual damages be affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.