H. B. BASCOM, Repondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1903.

Passenger Carriers: ALIGHTING: CONTRIBUTORY NEGLIGENCE. *Held*, that a passenger who was asleep on the train's reaching his station and did not awake until it had started, when he requested the train to be stopped and thereupon, in broad daylight, with full view of the ground, alighted and in so doing stepped upon a cinder which turned and threw him, has no action against the carrier.

Appeal from Randolph Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED.

*Geo. S. Grover* and *A. H. Waller* for appellant.

(1) The demurrer to the evidence should have been sustained. Atkinson v. Railroad, 90 Mo. App. 489;

Deming v. Railroad, 80 Mo. App. 152; Hendrick v. Railroad, 136 Mo. 548; Berry v. Railroad, 124 Mo. 288; Finnegan v. Railroad, 48 Minn. 378; 51 N. W. 122; Wilson v. Railroad, 68 Miss. 9; Allerton v. Railroad, 146 Mass. 241; Heinlein v. Railroad, 147 Mass. 136; Nelson v. Railroad, 68 Mo. 593; Weber v. Railroad, 100 Mo. 194; Railroad v. Kavanaugh, 163 Mo. 59. (2) The jury should have been directed to find for the defendant at the close of the whole case. Emprey v. Railroad, 45 Mo. App. 422.

*Warwick McCanne* and *James W. Wight* for respondent.

(1) The demurrer to the evidence was properly overruled. Clark v. Railroad, 127 Mo. 197; Waller v. Railroad, 83 Mo. 608; O'Connell v. Railway, 106 Mo. 482; Furnish v. Railroad, 102 Mo. 408; Jackson v. Railroad, 118 Mo. 224; Smith v. Railroad, 108 Mo. 243; Talbot v. Railroad, 72 Mo. App. 294; Atkinson v. Railroad, 90 Mo. App. 489; Warden v. Railroad, 35 Mo. App. 631; Bryan v. Railroad, 32 Mo. App. 228; McGee v. Railroad, 92 Mo. 208; Huelsencamp v. Railroad, 37 Mo. 537; Railroad v. Whitehead, 74 Ga. 441; Allerton v. Railroad, 146 Mass. 241; Railroad v. Carper, 112 Ind. 26; Railroad v. Finley, 79 Texas 85; Railroad v. Miller, 79 Texas 78; Gaynor v. Railroad, 100 Mass. 208; Burnham v. Railroad, 91 Mich. 523; Ormand v. Hayes, 60 Texas 180; Hutchinson on Carriers, sec. 502. (2) The peremptory instruction asked by defendant at the close of the whole case was properly refused. Daugherty v. Railroad, 128 Mo. 33; Eichorn v. Railroad, 130 Mo. 575; O'Mellia v. Railroad, 115 Mo. 205.

ELLISON, J.—The plaintiff, a salesman who went from place to place, recovered a judgment against defendant for personal injuries which he charges were re-

ceived by him in consequence of the negligence of defendant's servants.

Defendant insists that from the facts as developed by the testimony given by plaintiff in his own behalf, the trial court should have directed a verdict against him; and in this we believe the defendant is right. It appears that plaintiff was a passenger on a passenger train and that his destination was Carrollton, Missouri. That when he arrived there, at about midday, he was asleep and thus failed to get off. That after the train begun to move out from the station, he was awakened by hearing the brakeman call out the name of the next station and that he immediately informed the brakeman that he wished to get off; whereupon the brakeman signaled for the train to stop, and, taking plaintiff's grip, requested him to follow. That he walked behind the brakeman to the platform of the car by which time the train had come to a stop. After the train had stopped, plaintiff, having a full and plain view of the ground, got off; but in doing so he stepped on a piece of coal or cinder which caused his foot to turn and him to fall, hurting his side and back. Where there was any fault or negligence on defendant's part we can not see. The whole affair came about by plaintiff's negligence in going to sleep at noontime and permitting himself to be carried by his station and then requesting that the train be stopped that he might get off. The train was stopped for his accomodation and then, at a place where it was perfectly safe to alight, he, by the merest accident, or else by his own carelessness, stepped on a cinder and fell. The plaintiff seeks a recovery on a state of facts which might not have cast blame upon a small child, or some person too infirm, or so circumstanced as to be unable to take care of himself. But certainly he, a full grown man, in vigorous health and strength, who constantly traveled over railroads, can not claim the exceptional privilege sometimes accorded such persons. In general support of what we have said, see Atkinson v.

Railroad, 90 Mo. App. 489; Deming v. Railroad, 80 Mo. App. 152; and Yarnell v. Railroad, 113 Mo. 570.

The judgment should have been for defendant and it is accordingly reversed. All concur.