JEWELL v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 6, 1907.

CARRIER—CARRYING PASSENGER BEYOND STATION.—A passenger, by his own negligence, was carried beyond his own station at night; he requested the conductor to stop the train, which was done, and he alighted; in attempting to walk back to the station, half a mile distant, he was injured by falling into a trestle. *Held*, that he can not recover, though the conductor innocently misrepresented to him the distance from the station, as such misrepresentation was not the proximate cause of his injury.

Appeal from Craighead Circuit Court; *Allen Hughes*, Judge; affirmed.

STATEMENT BY THE COURT.

Jewell was a passenger on appellee's railroad going north, intending to get off at Nettleton. For some reason, not definitely explained by him but evidently on account of his being asleep, he failed to get off at Nettleton, although the station was duly called and stop was made of sufficient time to allow passengers to debark. Shortly after the train passed Nettleton, the conductor discovered him, and Jewell then learned for the first time that he had passed the station, and asked the conductor where he was. The conductor replied "We are right here in the yards," and Jewell supposed he meant right close to the station. During the conversation with the conductor he heard the train crossing another railroad track, and he supposed that

the crossing was the Frisco track, which was very near to the station of Nettleton. But it turned out to be the crossing of the Jonesboro, Lake City & Eastern Railroad, about a half mile north of Nettleton. Jewell elected to get off the train, and at his instance the conductor stopped the train and let him off, about three hundred yards north of the crossing of the Jonesboro, Lake City, & Eastern Railroad. It was about eleven o'clock at night, and dark and rainy. The darkness was somewhat broken by some switch lights at the crossings and the lights of the town and the houses near the track; but it was evidently quite dark along the track where Jewell was to walk back to the station.

He crossed one trestle, but in crossing a second trestle fell into it and was seriously injured. He was familiar with the tracks for some three hundred yards north of Nettleton Station, and they were in condition rendering walking upon them entirely safe. But he was not familiar with the track where he got off the train, or any part of it further north than three hundred yards beyond the station. It is evident from Mr. Jewell's testimony that he was immediately aware of the fact that he had been put off at an unfamiliar place; and he does not deny the statement of the brakeman that at the time he got off he (the brakeman) pointed out to him the white light of the depot in the distance. He started on a brisk walk in order to catch a hack at Nettleton. There is quite a difference in the estimates of witnesses as to the distance from Nettleton Station to the crossing of the Jonesboro, Lake City & Eastern Railroad. Jewell estimates it at from half a mile to a mile. Other witnesses put it about three-quarters of a mile. The railroad men, whose opinions are likely more accurate, place it at eighteen hundred or two thousand feet. The yards extend about eight or nine hundred feet north from the station.

Jewell brought suit against the railroad for his injuries, and predicated his cause of action upon the alleged negligence of the conductor in informing him that they were in the yards when as a matter of fact they were further away from the station, thereby misleading him as to the place he was when he debarked from the train, and causing him to walk back over an unknown and dangerous track.

Upon trial, the plaintiff developed a case as outlined above. Defendant adduced evidence tending to prove a state of facts less favorable to plaintiff than that heretofore set out. The court directed a verdict for the defendant, and the plaintiff has appealed.

*F. G Taylor* and *Lamb & Caraway*, for appellant.

While appellant was on the train not as a trespasser but innocently, or, at the worst, by mistake, he was entitled either to all the rights of a passenger, *i. e.* to the highest degree of care on the part of appellee for his safety, or, being neither trespasser nor passenger in the strict legal sense, but being on the train innocently, it was the duty of appellee's employees on the train to exercise reasonable care to avoid injury to him. 36 Pac. 53. By the weight of authority it seems that appellant sustained to appellee the relationship of passenger until he departed from the train. 69 Ark. 186; 40 N. Y. 145; 64 Tex. 563; 13 N. E. 122. Being misled by the conductor as to the location of the train at the time, appellant was thereby deceived as to the perils he would encounter in returning to the depot. There was sufficient evidence to go to the jury. 30 S. W. 979; 19 So. 51; 81 Ky. 624; 76 Ark. 520.

*Tom M. Mehaffy* and *J. E. Williams*, for appellee.

These facts were developed by the evidence: The train was stopped at Nettleton; the station was called out and plaintiff was given ample warning and opportunity to alight; when he left the train, it was at his own volition; and when he walked back, he chose the railway track as a footway, rather than other ways which were available. These facts being undisputed, there was no case made out for a jury.

Appellee's duty to him had been discharged; he had ceased to be a passenger after he alighted from the train, and the company, under the facts, was not liable, although appellant may have been misled by the conductor as to where the train was. 73 Ark. 548; 55 Ark. 64; 4 Am. St. Rep. 374; 667 Hun, 492; Hutchinson on Car. (3 Ed.), § 1126; 68 Miss. 9; 182 Pa. St. 457; 102 Mo. App. 430; 69 Ark. 81; 60 Ark. 106.

HILL. C. J., (after stating the facts.) Briefly stated, the appellant through his negligence missed getting off the train at

his destination, and for his accommodation the train was later stopped, and he was let off about half a mile north of the station at about eleven o'clock, on a dark and rainy night, and he attempted to walk back along the railroad track, and in doing so was injured by falling into a trestle. He claims he was misled by the conductor in stating that the train was in the yards, when in fact it was beyond the yards and beyond that part of the track with which he was familiar. This is no new question before the courts, and it has uniformly been held under such facts as are here in evidence that the injured party has no action against the railroad company. See *Wilson* v. *New Orleans & N. E. Railroad Co.,* 68 Miss. 9; *Bascom* v. *Wabash Railroad Co.,* 102 Mo. App. 430; *Fisher* v. *Railroad,* 182 Pa. St. 457; 2 Hutchinson on Carriers (3 Ed.), § 1126.

It is contended in the argument on behalf of appellant that he was deliberately deceived by the conductor and brakeman as to the point where he debarked from the train. The evidence does not justify any such conclusion. The conductor said they were in the yards. It is in proof that the yards extended for about nine hundred feet north of the station, and the utmost that could be claimed is that the train was probably half a mile beyond the yards when the conductor made this remark. More likely, the conductor was accurate in his statement, as the train was stopped no great distance beyond the yard limits, and of course it would run quite a distance during the colloquy between the conductor and the passenger about his getting off there, instead of going on to another station. It has been held by the Mississippi court that, even if the conductor was mistaken in such a statement as this, it was not binding upon the company, for in such matter he was not acting for the railroad company, but for the accommodation of the passenger. *Wilson* v. *New Orleans & N. E. Railroad Co.,* 68 Miss. 9.

Be that as it may, there is no evidence of wrongful misleading of the appellant, and the mere fact that the conductor may have been mistaken as to the point could not be a predicate for a cause of action under the facts of this case, for such mistake was not the proximate cause of the injury.

Judgment affirmed.