St Louis Iron Mountain & Southern Railway Co. *v.*

Needham.

Opinion delivered March 13, 1916.

1. Carriers—railroads—change of cars—duty to notify passenger of time to make change.—Where a passenger purchases a railway ticket which requires him to make a change of cars in order to reach his destination, the railway company is required to make suitable regulations for the convenience of passengers in making the change, and that reasonable steps be taken to bring those regulations to the attention of the passenger, no further individual notice being required.

2. Carriers—railroads—junction point—change of cars—notice to passenger.—Where a passenger, in order to reach his destination, to which he had purchased a ticket, is required to change cars at a junction point, a duty rests on the railway company to notify the passenger, when the junction point is reached, and that it is the junction point applicable to the passenger's route, and when an announcement to that effect has been made, the passenger can not recover damages where he fails to disembark from the train, and is carried past the junction point.

3. Carriers—change of cars—notice to passengers—due care—When the announcement by the employees of a carrier of the necessity for a change of cars, in order for the plaintiff to reach her destination, is made in accordance with a reasonable regulation of the carrier, it is error to leave to the jury the question of whether the carrier exercised ordinary care in making the announcement.

Appeal from Pulaski Circuit Court; *G. W. Hendricks,* Judge; reversed.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellant.

1. A verdict should have been directed for defendant. Plaintiff was carried by her station, Kensett, through her own negligence; and the evidence shows no negligence whatever of any of defendants' servants. It is the duty of a passenger to ascertain the station of his destination; whether the train stops there; and to notify the officers of the train where she desired to stop. She made no inquiry at the ticket office nor of the train officers and is not entitled to recover, because of her own negligence. 82 Ark. 598; 84 *Id.* 436; 47 *Id.* 74; 4 R. C. S., § 516; 39 L. R. A. (N. S.) 663; 28 *Id.* 611; 33 S. W. 285; 32 *Id.* 42; 54 *Id.* 1090; 66 *Id.* 862; etc.

2.  There was error in the instructions to the jury. The tenth instruction for plaintiff is not the law of this case as to ordinary care.   28 L. R. A. (N. S.) 611 and cases cited *supra.*

*Geo. F. Jones,* for appellee.

1.  It was the duty of appellant to have apprised appellee that it was necessary to change cars at Kensett to reach her destination.   67 Ark. 123; 67 *Id.* 142; 94 *Id.* 324; 100 Miss. 132; 55 So. 42; 6 Cyc. 584.   The cases cited by appellant are not applicable to this case.   The facts are different.   The law is correctly stated in 159 Ala. 154; 48 So. 981; See also 54 Minn. 169; 55 N. W. 1117; 84 Ark. 436-441; Hutchinson on Carriers, § 1129; 5 R. C. L., § § 517, 532.   Negligence in the officers of the train was shown.

2.  In instruction No. 10, the court defined ordinary care, not elaborately, but certainly sufficiently, and there is no error in the other instructions.   75 Ark. 125; Hutchinson on Car., § 805.   The information in a ticket is not binding on a passenger, if he had no actual knowledge of the condition and information conveyed in it.

McCULLOCH, C. J.   The plaintiff, Mrs. Needham, became a passenger on one of the defendant's trains enroute to Heber Springs, a station on the Missouri & North Arkansas Railway, and was carried beyond the junction where she should have changed cars.   This is an action to recover damages alleged to have been sustained by reason of negligent failure on the part of defendant's servants to notify plaintiff of the necessity for changing cars at Kensett, the junction of the two roads.   The case was tried before a jury and the result was a verdict against the defendant, and from the judgment rendered thereon the defendant has prosecuted this appeal.

Plaintiff resided in Little Rock and bought a round-trip ticket to Heber Springs, the ticket reading over defendant's line from Little Rock to Kensett, and thence over the Missouri & North Arkansas Railroad to point of destination.   Plaintiff boarded a train at the Union

Station, Little Rock, at 2:45 p. m.   The conductor came through the train shortly after leaving Little Rock and detached the coupon covering the fare for passage to Kensett and returned the balance of the ticket to plaintiff. Plaintiff testified that she did not know where Heber Springs was, but supposed that it was on the line of defendant's road and that she would not have to change cars.   The conductor says that when he took up the ticket he informed plaintiff of the necessity of changing cars at Kensett, but this the plaintiff denies in her testimony. The train stopped at Kensett a sufficient length of time for passengers to debark, and the name of the station was announced by one of the trainmen in the coach in which the plaintiff was riding, but there is a conflict in the testimony as to the extent of the announcement. Plaintiff said that the brakeman or other employee merely called the name of the station, but the flagman testified that he called the name of the station and gave the announcement to "change cars for Searcy and Eureka Springs."   At any rate, plaintiff failed to debark at the station, and she says that she did not learn that a mistake had been made in not changing cars until she reached Crawfordsville, a station on the road seventeen miles west of Memphis.   She states that the conductor then admitted that she had been carried by on account of his mistake, and stopped the train at Crawfordsville so that she could get off.   She was furnished transportation from Crawfordsville back to Wynne, and thence back to Kensett, but in returning she was kept up all night, either at the station at Wynne or continuing the journey back to Kensett.

(1)   It is contended by counsel for defendant that the judgment should be reversed and the cause remanded for the reason that according to the undisputed testimony the stop at Kensett was announced, and that that was all that the servants of the company were required to do, the plaintiff being guilty of negligence in failing to ascertain that that was the point for changing cars.   It is clear that if there was an announcement made, as

claimed by the flagman, giving notice of the necessity for a change of cars to points north on the Missouri & North Arkansas Railroad, the plaintiff was bound to take notice of her route and make the necessary change. She was an adult, apparently of ordinary intelligence, and in full possession of her senses, therefore the carrier was not required to give her special notice of the necessity for a change of cars. All that the law required was that a suitable regulation be made for the convenience of passengers, and that reasonable steps be taken to bring those regulations to the attention of the passenger, no further individual notice being required. *St. Louis, I. M. & S. Ry. Co.* v. *Atchison,* 47 Ark. 74; *Jewell* v. *St. Louis, I. M. & S. Ry. Co.* 82 Ark. 598; *Rock Island, A. & L. Rd. Co.* v. *Stevens,* 84 Ark. 436; *Lilly* v. *St Louis, & S. F. Ry. Co.* (Okla.) 39 L. R. A. (N. S.) 663; *Central of Georgia Ry. Co.* v. *Ashley,* 159 Ala. 145.

In the Alabama case above cited, the rule is, we think, correctly stated as follows: "A primary duty rests on the carrier of passengers to give publicity to its regulations, whether of schedule, including places whereat its train will stop for the discharge or reception of passengers, or of routing on its roadway, embracing points of change to another line of its roadway or that of another company, to the end that the ordinarily prudent and intelligent traveler may be informed of the facts essentially necessary for him to accomplish his journey. The reason for such duty inheres in the nature of the service afforded by such agencies, in connection with the power possessed by carriers to formulate and enforce such reasonable regulations as the conduct of the business requires. * * * Having this power, it would be wholly irrational to say that no duty, commensurate with the power, rests on the carrier to advise the traveling public, by reasonable means, of regulation so necessary to any journey by rail; for such a pronouncement would essentially, cast upon the passenger the obligation, not simply to exercise reasonable prudence and diligence to ascertain the regulations, with respect to where, when,

and how his journey may be made under regulations existing and published, but to seek out unpublished regulations the operation of which affect his journey. The result would be, naturally, that no carrier of passengers would make any effort to give publicity to its regulations touching matters associated with the employment of its transportative agencies.''

(2)   We think the above statement of the law is correct, as applicable to the facts of this case, and that while the defendant had the right to assume that the plaintiff had informed herself as to the route to her destination, yet the obligation rested upon the carrier to give some notice of the arrival at the junction point, and of the fact that it was the junction point applicable to the route plaintiff was traveling. The undisputed evidence shows that there was such a regulation, which consisted of an announcement of the fact that it was the junction, and that it was necessary to change for points to the north on the line of the connecting carrier. If that announcement, in accordance with the regulation, was in fact made, then there can be no recovery in this case, but there is a dispute on that point. It is argued that inasmuch as the plaintiff confesses that she did not know that Heber Springs was on another line of railway, the announcement, even if it had been made, would have been ineffectual so far as she is concerned, and would have meant nothing to her. It is true, the plaintiff says that she did not know that she had to change cars at all, but we can not say that an announcement of the change at Kensett would not have attracted the plaintiff's attention to the extent that she would have pursued further inquiry to ascertain whether or not that change applied to her route. The jury might have drawn the inference from the circumstances that the announcement, if made, would have put the plaintiff upon an inquiry which she would have pursued by asking information of the conductor. We are of the opinion, therefore, that there was enough to go to the jury on that issue, about which there was a sharp conflict in the testimony.

(3)    That issue was not, however, correctly sub-
mitted to the jury, and for that reason the judgment must
be reversed for a new trial.  The court gave the follow-
ing instruction, over the objection of (the defendant:
"X.   You are instructed that it was the duty of the de-
fendant to use ordinary care to apprise plaintiff of the
place she was to leave its train and catch a train on an-
other road to continue her journey under the ticket de-
fendant had sold her.   By ordinary care is meant that
care an ordinarily prudent person would exercise under
the circumstances.  If you find that her having been car-
ried by Kensett was the result of want of ordinary care
on the part of the employees of the defendant, then you
will find for the plaintiff; if you find she suffered any
damages of which such failure to exercise ordinary care
was the proximate cause.  By proximate cause is meant
the natural and probable result of an act, and that that
should have been foreseen under the circumstances."

The instruction is erroneous in leaving it to the jury
to determine what would constitute ordinary care.   The
regulation of the company for the junction station to be
announced, and the announcement of the necessity
for changing cars for points on the intersecting line, was
reasonable and constituted the full measure of the car-
rier's duty to the passengers.  It was not proper to leave
it to the jury to say whether or not, if that regulation
had been complied with, it constituted ordinary care.
The flagman testified that he made the announcement of
the necessity for change of cars, and the jury may have
accepted his statement as true and yet found that ordi-
nary care required a special notice to the plaintiff that
she must change cars in order to go to Heber Springs.
The instruction ignores the real point at issue in the case,
as to whether or not the announcement was made as tes-
tified by the flagman, and erroneously leaves it to the
jury to determine whether or not the trainmen had exer-
cised ordinary care "to apprise plaintiff of the place

she was to leave its train and catch a train on another road.''

For that error, the judgment is reversed and the cause remanded for a new trial.