**HILL v. NEW et al., Receivers, MISSOURI, O. & G. R. CO.**

No. 10893—Opinion Filed Jan. 11, 1923.

Rehearing Denied Feb. 13, 1923.

(Syllabus.)

**1. Carriers—Change of Trains—Nonliability for Passenger's Mistake.**

It is the duty of a person about to take passage on a railroad train to inform himself as to whether or not a change of trains is necessary and whether the train on which he has taken passage goes to and stops at his destination, and if he makes a mistake, not induced by the company, against which ordinary diligence would have protected him, he has no remedy against the railroad company for the consequences.

**2. Same—Duty of Carrier.**

It is the duty of a railroad company, in order to afford a passenger an opportunity to leave the train at the station of his destination, or where a change of trains is necessary to have the name of the station announced upon the arrival of the train, and to stop the train a sufficient length of time for him to alight with safety.

**3. Same—Duty to Awake Passenger.**

There is no duty upon the part of a railroad company to awaken a passenger who has fallen asleep in a chair car in order to advise him that his destination has been reached, and to enable him to alight there.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Virgil E. Hill against Alexander New and Henry C. Ferris, Receivers of the Missouri, O. & G. R. Company, for damages. Judgment for defendants, and plaintiff brings error. Affirmed.

Brooks & Brooks, for plaintiff in error.

John E. M. Taylor, for defendants in error.

NICHOLSON, J., The plaintiff in error instituted this action against the defendants in error to recover damages in the sum of $510 because of the failure of the conductor in charge of one of the defendants' trains to awaken plaintiff at Dustin in time for him to board a train of the Ft. Smith & Western Railway Company to Oklahoma City.

The facts upon which plaintiff relies for a recovery, briefly stated, are that on the 29th day of November, 1916, he purchased a railroad ticket of defendants' agent at Hichita, a station on defendants' railroad, which ticket entitled him to transportation from Hichita to Oklahoma City; that at about 10:30 p. m. of said day, he boarded one of defendants' trains and entered a passenger coach thereof; that when the conductor in charge of said train took plaintiff's ticket, plaintiff made a request of said conductor for a berth in the Pullman car, that he might sleep on the way to Oklahoma City. The conductor informed him that he could not obtain a berth then, but could obtain one at Henryetta. Thereupon plaintiff stated to the conductor that he could sleep in the chair car, and the conductor replied that it was a good place to sleep, so plaintiff seated himself in a chair car and was soon asleep. The plaintiff had made frequent trips from Hichita to Oklahoma City, but had always ridden in a Pullman direct to Oklahoma City, and did not know that it was necessary for passengers in the day coach to change trains between Hichita and Oklahoma City. As a matter of fact, it was necessary to change from the railroad of the defendants to the Ft. Smith & Western Railroad at Dustin.

At the conclusion of plaintiff's evidence, the defendants interposed a demurrer thereto, which was sustained by the court, and judgment rendered for the defendants. From this judgment the plaintiff has appealed, and

contends that because he was ignorant of any change of trains being necessary before arriving at his destination, and because he told the conductor that he could sleep in the chair car, and the conductor seeing and hearing all this, and having taken up plaintiff's ticket, which showed his destination, that it was the duty of the conductor to awaken him at Dustin, and inform him that a change of cars was necessary, and that a failure on the part of the conductor so to do constituted negligence upon the part of the defendants.

According to the plaintiff's own evidence, he made no attempt to inform himself as to whether or not a change of trains was necessary, or whether the train he was on went to or stopped at his destination. He purchased a ticket from the defendants, which he says he did not notice at the time, but admitted on cross-examination that this ticket entitled him to passage on the Missouri, Oklahoma & Gulf Railway to Dustin, and from there over the Ft. Smith & Western Railway to Oklahoma City. He did not make any inquiry, either of the agent who sold him the ticket or of the conductor, whether or not defendants' line afforded him a direct route to Oklahoma City, or whether a change would be necessary, and neither the agent who sold him the ticket, the conductor in charge of the train, nor any other employe of defendants told him that defendants had a direct route to Oklahoma City. The train stopped at Dustin a sufficient length of time for the plaintiff and all other passengers to transfer from said train to the train of the Ft. Smith & Western Railway Company, and the conductor did in fact awaken the plaintiff, but not in time for him to change to the Ft. Smith & Western Railway.

It was the duty of the plaintiff to inform himself as to whether or not a change of trains would be necessary, and whether the train he was on went to and stopped at his destination, and if he made a mistake, not induced by the defendants, against which ordinary care would have protected him, he has no remedy against the defendants for the consequences. Ohio & Mississippi Railway Co. v. Applewhite, 52 Ind. 540; Chicago & Alton Railroad Co. v. Randolph, 53 Ill. 510; Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Lightcap, 7 Ind. App. 249; Gulf, C. & S. F. Ry. Co. v. Henry, 84 Tex. 678, 19 S. W. 870; Southern Ry. Co. v. Bailey (Ga.) 85 S. E. 847, L. R. A. 1915-F, 1043.

The plaintiff did nothing whatever to ascertain whether a change of trains was necessary, and paid no attention to his ticket. This ticket was notice to him that the train of defendants did not go to Oklahoma City, and that a change at Dustin was necessary.

It is well settled that it is the duty of a railroad company, in order to afford a passenger an opportunity to leave the train at the station of his destination, or where a change of trains is necessary, to have the name of such station announced upon the arrival of the train, and to stop the train for a sufficient length of time for him to alight with safety, but there is no duty upon the part of the railway company to awaken a passenger who has fallen asleep in a chair car, in order to advise him that his destination has been reached, and to enable him to alight there. St. Louis & S. F. Ry. Co. v. Lilly, 52 Okla. 727, 153 Pac. 810; Seaboard Air Line Ry. Co. v. Rainey, 122 Ga. 307, 50 S. E. 88, 106 Am. St. Rep. 134; Nunn v. Georgia Railroad, 71 Ga. 710, 51 Am. Rep. 284; Nichols v. Chicago, W. M. Ry. Co. (Mich.) 51 N. W. 364; Missouri, K. & T. Ry. Co. v. Kendrick (Tex.) 32 S. W. 42; Sevier v. Vicksburg & Meridian R. R. Co., 61 Miss, 8, 48 Am. Rep. 74; Texas & Pac. Ry. Co. v. Alexander (Tex. Civ. App.) 30 S. W. 113.

It is not claimed that the station at which the plaintiff alighted was not announced in the usual manner, or that the usual information as to a change of trains was not imparted, neither is it claimed that the train did not stop a sufficient length of time to enable the plaintiff to alight. To the contrary, the evidence shows that the train remained at the station at Dustin ample time for him to get off, and that all other passengers had left the car before the conductor awakened him.

The plaintiff merely made a mistake which he could have prevented by the exercise of ordinary care. He failed to show a violation of any duty upon the part of the defendants, and, as the evidence failed to establish facts sufficient to constitute a cause of action, the action of the trial court in sustaining a demurrer thereto was correct.

It is unnecessary to consider the other assignments of error made. The judgment of the trial court is affirmed.

HARRISON, C. J., and KENNAMER, MILLER, and COCHRAN, JJ., concur.