KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* PHILLIPS.

Opinion delivered October 3, 1927.

1.  CARRIERS—FAILURE TO NOTIFY PASSENGER TO CHANGE TRAINS.— Where the alleged negligence of a railway company in failing to notify a passenger when to change trains, and in putting her off the train, and the alleged injury resulting from these acts, occurred in Oklahoma, the law of that State determines the right to recover and the measure of damages.

2.  NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PASSENGER.—Under the Oklahoma law, where a mother in full charge of her child failed to ascertain the necessity of changing trains, and both she and the child were put off some distance from the station, and it was alleged that the child became ill as a result of walking to the station, *held* that the railroad company was not liable for such injury, since it was the mother's duty to inform herself of the necessity of changing trains.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; reversed.

*James B. McDonough,* for appellant.

*A. D. Dulaney, A. P. Steel* and *U. A. Gentry,* for appellee.

McHANEY, J.   Two separate suits were brought by appellee, I. M. Phillips, against appellant, one in his own right and one as father and next friend of Lorena Phillips, to recover damages alleged to have been received by Lorena as a result of the negligence of appellant, which occurred as follows: Lorena, a child just a few days more than five years of age, and her mother were passengers on one of appellant's trains from Ashdown to Fayetteville, via Spiro, Oklahoma, and Fort Smith, Arkansas, on July 16, 1925. The mother held a ticket issued by appellant providing for a change of cars at Spiro to another train of appellant to Fort Smith, and from thence over the Frisco to Fayetteville. No ticket was procured for Lorena, although she was more than five years old. After boarding the train the ticket was taken up by the auditor and a proper hat-check was placed in the seat occupied by them, showing that Spiro was their destination on that train. They thereafter changed seats to the other side of the car, to get on the shady side, without changing the hat-check. When the train approached Spiro, the brakeman called the station of Spiro, and, as he says, announced the change of cars for Braden, Peno and Fort Smith. Mrs. Phillips says the station was called, but she did not hear the change announced. The train stopped at Spiro a sufficient length of time for Lorena and her mother to have got off, but they did not do so, and were taken on the same train to Sallisaw, where it was discovered that they should have changed at Spiro, and they were put off the train, as Lorena's mother says, about a half mile from the depot, in the night time, and compelled to walk such distance to the station at Sallisaw; that, in walking this distance, Lorena became very warm, from which she later contracted a severe cold, which resulted in an abscessed condition in her ears, involving one of the mastoid processes, necessitating a serious operation, and that she was damaged as a result thereof. A trial of these cases, which were consolidated, resulted in a verdict and judgment in favor of appellee, I. M. Phillips,

in the sum of $500, and in favor of Lorena Phillips in the sum of $950, from which comes this appeal.

Appellant has assigned and urged many errors of the court for a reversal of these cases, among them being his request in each case for a directed verdict.

After a careful consideration of the matter, this court has reached the conclusion that the liability, if any, in this case is governed by the law of Oklahoma, where the negligence of appellant, if any, occurred, and not by the law of the State of Arkansas.

Conceding, for the purposes of this case, that Mrs. Phillips had no notice of the necessity to change cars at Spiro, and conceding, which we do not decide, that the injury to Lorena occurred in the manner claimed, and that the negligence of appellant was the proximate cause of the injury, still we are of the opinion that, under the law of Oklahoma, as announced in the case of *Hill* v. *New*, 88 Okla. 208, 212 Pac. 422, there is no liability in this case, and the lower court erred in refusing to direct a verdict for appellant. This case was decided in 1923, and seems to be the first case on the subject in that court. No other subsequent cases in that court have been cited by counsel, and our search has not disclosed any additional cases thereon. The facts in that case and the holding of the court, quoting from the opinion in that case, are as follows:

"The facts upon which plaintiff relies for a recovery, briefly stated, are that on the 29th day of November, 1916, he purchased a railroad ticket of defendants' agent at Hitchita, a station on defendants' railroad, which ticket entitled him to transportation from Hitchita to Oklahoma City; that, at about 10:30 P. M. of said day, he boarded one of defendants' trains and entered a passenger coach thereof; that, when the conductor in charge of said train took plaintiff's ticket, plaintiff made a request of said conductor for a berth in the Pullman car, that he might sleep on the way to Oklahoma City. The conductor informed him that he could not obtain a berth then, but could obtain one at Henryetta. Thereupon plaintiff stated to the conductor that he could sleep in

the chair car, and the conductor replied that it was a good place to sleep; so plaintiff seated himself in a chair car and was soon asleep. The plaintiff had made frequent trips from Hitchita to Oklahoma City, but had always ridden in a Pullman direct to Oklahoma .City, and did not know that it was necessary for passengers in the day coach to change trains between Hitchita and Oklahoma City. As a matter of fact, it was necessary to change from the railroad of the defendants to the Fort Smith & Western Railroad at Dustin. At the conclusion of plaintiff's evidence, the defendants interposed a demurrer thereto, which was sustained by the court, and judgment rendered for the defendants. From this judgment the plaintiff has appealed, and contends that, because he was ignorant of any change of trains being necessary before arriving at his destination, and because he told the conductor that he could sleep in the chair car, and the conductor seeing and hearing all this, and having taken up plaintiff's ticket, which showed his destination, it was the duty of the conductor to awaken him at Dustin, and inform him that a change of cars was necessary, and that a failure on the part of the conductor so to do constituted negligence upon the part of the defendants. According to the plaintiff's own evidence, he made no attempt to inform himself as to whether or not a change of trains was necessary, or whether the train he was on went to or stopped at his destination. He purchased a ticket from the defendants, which he says he did not notice at the time, but admitted, on cross-examination, that this ticket entitled him to passage on the Missouri, Oklahoma & Gulf Railway at Dustin, and from there over the Fort Smith & Western Railway to Oklahoma City. He did not make any inquiry either of the agent who sold him the ticket or of the conductor, whether or not defendants' line afforded him a direct route to Oklahoma City, or whether a change would be necessary, and neither the agent who sold him the ticket, the conductor in charge of the train, nor any other employee of defendants told him that defendants had a direct route to Oklahoma City. The train stopped at

Dustin a sufficient length of time for the plaintiff and all other passengers to transfer from said train to the train of the Fort Smith & Western Railway Company, and the conductor did in fact awaken the plaintiff, but not in time for him to change to the Fort Smith & Western Railway.

"It was the duty of the plaintiff to inform himself as to whether or not a change of trains would be necessary, and whether the train he was on went to and stopped at his destination, and, if he made a mistake, not induced by the defendants, against which ordinary care would have protected him, he has no remedy against the defendants for the consequences (citing cases).

"The plaintiff did nothing whatever to ascertain whether a change of trains was necessary, and paid no attention to his ticket. This ticket was notice to him that the train of defendants did not go to Oklahoma City, and that a change at Dustin was necessary. It is well settled that it is the duty of a railroad company, in order to afford a passenger an opportunity to leave the train at the station of his destination, or where a change of trains is necessary, to have the name of such station announced upon the arrival of the train, and to stop the train for a sufficient length of time for him to alight with safety, but there is no duty upon the part of the railroad company to awaken a passenger who has fallen asleep in a chair car, in order to advise him that his destination has been reached, and to enable him to alight there" (citing cases).

We have a somewhat different rule in this State, and, we think, a better rule, as was held in *Davis* v. *Wells,* 159 Ark. 156, 251 S. W. 371, where, in the course of the opinion, the court used this language: "Plaintiff was not entitled to personal notice, and the instruction does not so declare the law, but she was entitled to notice, and the instruction did not leave out of consideration the fact that she might have had this notice from the form of her ticket, because the third instruction so declared the law." *St. L., I. M. & S. R. Co.* v. *Needham,* 122 Ark. 584, 184 S. W. 47, Ann. Cas. 1917D, 486.

But, as heretofore stated, the law of Oklahoma, where the injury and negligence occurred, is the test of the right to recover and the measure of damages. In the case of *American Ry. Express Co.* v. *Davis,* 152 Ark. 259, 238 S. W. 52, this court said: "The injury having occurred in the State of Oklahoma, the right to recover and measure of recoverable damages must be tested by the laws of that State."

Therefore, applying the law of Oklahoma to the facts in this case, it was the duty of Mrs. Phillips to inform herself regarding the change of trains, and, if she "made a mistake, not induced by the defendants, against which ordinary care would have protected" her, appellee, I. M. Phillips, and Lorena cannot recover, as she was in charge of this child, having the entire care and custody of it. It would be idle to say that Lorena would have to inform herself of these matters, because she was a child of such tender years that she could not be held to account for her own acts, but her mother acted for her. Mrs. Phillips did nothing whatever to ascertain whether a change of trains was necessary, paid no attention to the hat-check placed in her seat, moved away to another seat without taking the hat-check, heard the station of Spiro called, and made no inquiry as to whether she was to change at that point.

It follows from what we have said that the judgment of the court must be reversed and the cause of action dismissed. It is so ordered.